1  Anthony J. Ellrod (State Bar No. 136574)
     *aje@manningllp.com*
2  Jenifer Wallis (State Bar No. 303343)
     *jcw@manningllp.com*
3  Natalya Vasyuk (State Bar No. 307419)
     *ndv@manningllp.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Plaintiff IGLESIA NI
8  CRISTO (Church Of Christ)

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  IGLESIA NI CRISTO (Church of          Case No.
    Christ),
13                                        **COMPLAINT FOR FALSE**
                  Plaintiff,              **DESIGNATION OF ORIGIN,**
14                                        **COPYRIGHT INFRINGEMENT,**
           v.                             **FEDERAL TRADEMARK**
15                                        **INFRINGEMENT,**
    LUISITO E. CAYABYAB, ISAIAS T.        **INFRINGEMENT OF**
16  SAMSON, JR., ROLANDO DIZON,           **UNREGISTERED LOGO AND**
    JR., LIONEL ROQUE DELA USO,           **TRADEMARK, UNFAIR**
17  ALLAN MONTE DE RAMOS,                 **COMPETITION UNDER CAL. BUS.**
    JERIEL NEMIS, JESLE LLABAN            **& PROF. CODE, UNFAIR**
18  KUIZON, BERNARD GARCIA,               **COMPETITION UNDER**
    LIEZL DIAZ-DEOCAMPO, EDWIN            **CALIFORNIA COMMON LAW,**
19  LIONEL R. MORA, ALLAN                 **BREACH OF CONFIDENTIAL**
    VILLANUEVA, H20 NOW USA, a            **RELATIONSHIP AND LIBEL**
20  California Non-Profit Mutual Benefit
    Corporation,
21
                  Defendants.
22

23

24

25

26

27

28
                                                              Case No.

## PARTIES

(1)     Plaintiff Iglesia Ni Cristo (Church of Christ) (hereafter, "INC") is a non-profit religious corporation organized and existing under the laws of Hawaii, and which is presently qualified for the transaction of interstate business in the State of California, having its principal place of business at 770 Airport Boulevard, Burlingame, California 94010.

(2)     Defendant Luisto E. Cayabyab ("Cayabyab"), a California resident, is a former minister of INC and a president of H20 Now USA, a California registered mutual benefit corporation. On information and belief, Defendant Cayabyab continues to portray himself as a minister of INC and officiates worship services under INC's name, using the name, and/or using the name of "Antonio Ebangelista," a pseudonym for a group of individuals who conduct  worship services under the Plaintiff's name. On information and belief, Defendant Cayabyab also maintains and operates several websites, including www.incsilentnomore.com and www.incdefenders.org, which contain blogs, videos and photos bearing the trademarks and copyrighted material owned by INC.  Defendant Cayabyab is one of the instrumentalities for the wrong actions alleged in this Complaint, and has personally authorized, directed, endorsed and participated in such actions in collaboration with the individuals who are also named as parties to this action.

(3)     Defendant Isaias T. Samson, Jr. ("Samson"), a California resident, is a former minister of INC. Defendant Samson used to be a member of INC's Advisory Council ("Sanggunian"), led the Foreign Department and was assigned as the Editor in Chief of the INC's official magazine – Ang Pasugo/The God's Message. On information and belief, Defendant Samson continues to portray himself as a minister of INC and officiates worship services under INC's name, using the name of "Antonio Ebangelista," a pseudonym for a group of individuals who conduct  worship services under the Plaintiff's name.   On information and belief, Defendant Samson also maintains and operates several websites, including www.incsilentnomore.com and

Case No.

ELLROD, RAMIREZ, TRESTER LLP
MANNING & KASS
Attorneys at Law

1   www.incdefenders.org, which contain blogs, videos and photos bearing the trademarks

2   and copyrighted material owned by INC. Defendant Samson is one of the

3   instrumentalities for the wrong actions alleged in this Complaint, and has personally

4   authorized, directed, endorsed and participated in such actions in collaboration with the

5   individuals who are also named as parties to this action.

6       (4)     Defendant Rolando Dizon, Jr. ("Dizon"), a California resident, is a former

7   minister of INC. Defendant Dizon used to appear on a INC's program that aired on INC

8   Media operated by INC. On information and belief, Defendant Dizon continues to

9   portray himself as a minister of INC and officiates worship services under INC's name,

10  using INC's trademarks and copyrighted material. Defendant Dizon personally

11  organized, endorsed and participated in the wrong actions alleged in this Complaint in

12  collaboration with the individuals who are also named as parties to this action.

13      (5)     Defendant Lionel Roque Dela Uso (" Dela Uso"), a Texas resident, is a

14  former minister of INC. On information and belief, Defendant Dela Uso continues to

15  portray himself as a minister of INC and officiates worship services under INC's name,

16  using INC's trademarks and copyrighted material in California.  Defendant Dela Uso

17  has personally participated and facilitated the wrong actions alleged in this Complaint

18  that took place in the State of California in collaboration with the individuals who are

19  also named as parties to this action.

20      (6)     Defendant Allan Monte De Ramos ("Ramos"), a Texas resident, is a

21  former minister of the Church of Christ and a current member of H20 Now USA.  On

22  information and belief, Defendant Ramos supports and maintains

23  www.incsilentnomore.com and conducts gatherings under INC's name. Defendant

24  Ramos personally participated in, endorsed and encouraged the wrongful acts that took

25  place in the State of California alleged in this Complaint in collaboration with the

26  individuals who are also named as parties to this action.

27      (7)     Defendant Jeriel Nemis ("Nemis"), a California resident, is a former

28  minister of INC and a current member of H20 Now USA. On information and belief,

Defendant Nemis supports and maintains www.incsilentnomore.com and conducts gatherings under INC's name. Defendant Nemis personally participated in, endorsed and encouraged the wrongful acts alleged in this Complaint in collaboration with the individuals who are also named as parties to this action.

(8)     Defendant Jesle Llaban Kuizon ("Kuizon), a California resident, is a former member of INC. Defendant Kuizon is an officer of H20 Now USA and is one of the instrumentalities for the wrongful actions alleged in this Complaint, and has personally authorized, directed, endorsed and participated in such actions in collaboration with the individuals who are also named as parties to this action.

(9)     Defendant Bernard Garcia ("Garcia"), a New Jersey resident, is a former member of INC. Defendant Garcia used to be an officer of the H20 Now USA. On information and belief, Defendant Garcia finances www.incsilentnomore.com, www.incdefenderes.org and is one of the instrumentalities for the wrongful actions that took place in the State of California alleged in this Complaint, who has personally authorized, directed, endorsed, financed and participated in such actions in collaboration with the individuals who are also named as parties to this action.

(10)     Defendant Liezl Diaz-Deocampo ("Deocampo"), a California resident, is a former member of INC. Defendant Deocampo is an officer of the H20 Now USA. On information and belief, Defendant Deocampo published, republished, posted and reposted blog entries of www.incsilentnomore.com on her Facebook account, aware of the protected works and trademarks included in those blog entries. Defendant Deocampo is one of the instrumentalities for the wrongful actions alleged in this Complaint, and has personally authorized, directed, endorsed, and participated in such actions in collaboration with the individuals who are also named as parties to this action.

(11)     Defendant Edwin Lionel R. Mora ("Mora"), a California resident, is a former member of INC. Defendant Mora is a member of H20 Now USA. Defendant Mora is one of the instrumentalities for the wrong actions alleged in this Complaint,

1  and has personally authorized, directed, endorsed, and participated in such actions in

2  collaboration with the individuals who are also named as parties to this action.

3  (12)   Defendant Allan Villanueva ("Villanueva"), a California resident, is a

4  former corporate secretary and in-house Counsel of INC and an active member of the

5  H20 Now USA. On information and belief, Defendant disclosed confidential

6  information which he obtained when he acted within his duties and capacity as a

7  corporate secretary and in-house counsel of INC. Defendant Villanueva has personally

8  participated in, endorsed and encouraged the wrong actions alleged in this Complaint in

9  collaboration with the individuals who are also named as parties to this action.

10  (13)   Defendant H20 Now USA (formerly known as "Restore The Church

11  Group" and "Restore the Church Fund") (hereafter, "H20 Now") is a nonprofit mutual

12  benefit corporation with a principal place of business at 2443 Fillmore Street., Ste. 380-

13  9775, San Francisco, CA 94115. Defendant H20 Now's specific purpose is "to create an

14  association of former Iglesia Ni Cristo members whose purpose is to provide financial,

15  legal and general assistance to those indigent individuals and groups who are currently

16  victims of religious and/or political oppression and persecution worldwide." Defendant

17  H20 Now is one of the instrumentalities for the wrongful actions alleged in this

18  Complaint, and has personally authorized, directed, endorsed, financed and participated

19  in such actions in collaboration with the individuals who are also named as parties to

20  this action.

21  ## JURISDICTION AND VENUE

22  (14)   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

23  1338, and Section 39 of the Federal Trademark Act of 1946, as amended (the "Lanham

24  Act"), 15. U.S.C. §1121.

25  (15)   Venue is proper in this district pursuant to 28 U.S.C. § 1391

26  ## FACTUAL BACKGROUND

27  (16)   Iglesia Ni Cristo (Church of Christ) (hereafter, "INC") is a non-profit

28  corporation that was duly registered with the Philippines government in 1914. Since

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1968, INC established its presence in the United States of America by registering with the State of Hawaii as a non-profit religious corporation. INC, over the span of more than 100 years, has established its congregations in approximately 144 countries and territories around the world. In North America, INC has congregations in all 50 states of the United States and in 6 provinces of Canada. INC is headquartered at Iglesia Ni Cristo Central Office, No. 1, Central Avenue, New Era. Quezon City, Philippines 1107. The U.S. Main Office of INC is located at 770 Airport Boulevard, Burlingame, California 94010. Although there are many local congregations, there is only one INC and one organization.

(17)   INC has one governing body with a Presiding Elder, who serves as Executive Minister and Administrator of all properties and temporalities. Each congregation is subject to the decisions and directions of the Executive Minister. The Executive Minister has control over all theological doctrines and teachings of INC, as well as control over assets, management and operation of the ministries in the United States and around the world.

(18)   Article IV Section 3 of INC's bylaws states that "Each local church or group may perform propagation of the faith by inviting non-members to attend to the said propagation or be present during the hours of religious worship."

(19)   Article V Sections 1 and 2 describe INC's official Seal and Flag in the following way:

"Seal – The corporate seal of the Church, unless otherwise ordered by the Church Counsel shall be circular in form and shall bear the words "IGLESIA NI CRISTO" (and/or "CHURCH OF CHRIST") and on the lower part of the circle of clouds is a dove, and a crown is under the balance and above the lamb.

"Flag – The Flag of the Church shall have four (4) colors: red, white and green with yellow tussles and in the center is a figure of lampstand or candelabrum with seven (7) branches."

(20)   INC has used its seal and flag continually and extensively in commerce at

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

least since 1914 in the Philippines and 1968 in the United States and is currently making such use.

(21)   INC is the owner and user of the following trademark registered on February 25, 2014 with the U.S. Patent and Trademark Office principal registry under registration No. 4,486,768,  for, *inter alia*, organization of religious meetings and for education purposes including providing classes, seminars, workshops in the field of religion (hereafter "The Seal"). See **Exhibit B**.  The same mark was also registered with the World International Property Organization ("WIPO") on April 26, 2012 under the number 4-2012-001099. This mark  is used worldwide as part of the operation and mission of INC.



(22)   INC is the owner and user of a certain common law trademark for which INC applied for federal registration on August 18, 2017, under Serial Number 87574268. See **Exhibit C**. This mark represents the flag of INC (the "Flag"). The INC Flag has been registered with WIPO on April 26, 2012 under Registration Number 4-2012-001101. This mark is used worldwide as part of the operation and mission of INC.



MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

(23)  INC is the owner and user of a certain common law trademark for which INC applied for federal registration on September 7, 2017 under Serial Number 87598939. See **Exhibit D**. This mark represents the seal of the Executive Minister of INC ("The Executive Seal").  WIPO registration for the Executive Seal was obtained on April 26, 2012 under Registration Number 4-2012-001103.  The Executive Seal has been used worldwide as part of the operation of INC for many years.



(24)  INC has applied with the U.S Copyright Office for registration of the following works:

a.  Ang Himnario Ng Iglesia Ni Cristo (2010 edition) – Created on 7/23/2010. Applied on July 27, 2017: See Exhibit A.

b.  Hymnal (2011 edition) – Created on 7/23/2011. Applied on July 27, 2017: See Exhibit A.

c.  Ang Himnario Ng Iglesia Ni Cristo (2017 edition) – Created on 4/25/2017. Applied on July 27, 2017: See Exhibit A.

d.  Hymnal Of The Iglesia Ni Cristo (Church Of Christ) (2017 edition)– Created on 4/25/2017. Applied on September 7, 2017: See Exhibit A.

e.  Iglesia Ni Cristo (Church Of Christ) English Hymns (music sheet ; 2017 edition) – Created in September 2017. Applied on July 27, 2017: See Exhibit A.

f.  Iglesia Ni Cristo (Church Of Christ) English Hymns (audio recordings; 5 CD's; 2017 edition) – Created in September 2017. Applied on July 27, 2017: See Exhibit A.

g. Hymns Of The Iglesia Ni Cristo (Church Of Christ) "Through Jesus Christ, My Lord" No. 87 & "Ever Worshiping, I Come" No. 263 (music sheet ; 2004 edition) – Created in July 2004. Applied on October 5, 2017: See Exhibit A.

h. Hymns Of The Iglesia Ni Cristo (Church Of Christ) "Through Jesus Christ, My Lord" No. 87 & "Ever Worshiping, I Come" No. 263 (audio recording; 1 CD; 2004 edition) – Created in July 2004. Applied on October 5, 2017: See Exhibit A.

i. Hymns Of The Iglesia Ni Cristo (Church Of Christ) "If Only For A Moment" No. 279 (sheet music; 2003 edition) – Created in September 2003. Applied on October 5, 2017: See Exhibit A.

j. Hymns Of The Iglesia Ni Cristo (Church Of Christ) "If Only For A Moment" No. 279 (audio recording; 1 CD; 2003 edition) – Created in September 2003. Applied on October 5, 2017: See Exhibit A.

k. Hymns Of The Iglesia Ni Cristo (Church Of Christ) "We Meet Again" No. 266 (music sheet ; 2006 edition)– Created in July 2006. Applied on October 5, 2017: See Exhibit A.

l. Hymns Of The Iglesia Ni Cristo (Church Of Christ) "We Meet Again" No. 266 (audio recording; 1 CD; 2006 edition)– Created in July 2006. Applied on October 5, 2017: See Exhibit A.

(25)    Article IV Section 6 of INC's bylaws states: "Membership in the Church may be terminated upon withdrawal of membership, upon delistment of the name of an inactive or absentee member from the registry of Members, or by expulsion by order of the Executive Minister."

(26)    Article IV Section 7 of INC's bylaws lists the following grounds for expulsion: (a) Violation of the Basic Doctrines of the Church; (b) Non-compliance with the provisions of the Constitution or Circulars, Memoranda, and/or Resolutions of the Church Council and/or the Executive Minister; (c) Acts inimical to the interests of the Church; and (d) Other analogous grounds.

(27)   On August 26, 2015, a group of expelled Ministers and members of INC formed and registered a nonprofit mutual benefit corporation named "Restore the Church Group" in the State of California (Number: C3820136). Defendant Jesle Kuizon was listed as Chief Executive Officer, defendant Bernard Garcia was listed as Secretary and Liezl Deocampo was listed as Chief Financial Officer of Restore the Church Group.

(28)   On October 29, 2015, Restore the Church Group changed its name to "Restore the Church Fund." On December 7, 2015 Restore the Church Fund amended its officers to Luisito Cayabyab as Chief Executive Officer, Jesle Kuizon as Secretary and Liezl Deocampo as Chief Financial Officer.

(29)   On January 15, 2016, Restore the Church Fund amended its Articles and the name of the corporation to "H20 Now USA."

## GENERAL ALLEGATIONS

(30)   H20 Now USA (f/k/a Restore the Church Fund, f/k/a Restore the Church Group) (hereafter "H20 Now") started to conduct gatherings and offered worship services in different cities in California, on the east coast of the United States and in Canada under the name of Iglesia Ni Cristo (Church of Christ). In fact, the officers and members of H20 Now represented (and still represent) themselves as members of INC. They encourage the members of INC to join their gatherings and worship services. They defraud INC members by making it appear that the worship services they attend are the worship services of INC. They use the same format for their worship service as INC does, including the same arrangement of chairs, use of the same hymns and Hymnal Book and display of INC's Seal and Flag.

(31)   Furthermore, INC members who attended the worship services organized by H20 Now did not know that members of H20 Now were expelled from INC, and unknowingly made monetary offerings during the gatherings and worship services organized by H20 Now.

(32)   H20 Now uses modern technology such as online meetings, Webex and

Manning&Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  Xoom to gather themselves and conduct worship services under the name of INC.

2   (33) Since its incorporation, H20 Now has maintained the following websites:

3  www.incsilentnomore.com, www.incdefenders.org, www.incdefendersmedia.com,

4  www.incfromtheedge.wordpress.com and www.increflections.wordpress.com.

5   (34) These websites display the official seal and flag of INC. In addition, the

6  members of  H20 Now post video recordings of their worship services which were

7  performed under the name of INC, used the same format of service, displayed the seal

8  and the flag of INC and used hymns from the Hymnal Book of INC.  These videos

9  were also posted on YouTube by the user "INC Defenders Media," whose profile

10  picture is INC's Flag. An example of such infringement (this is not a complete list of

11  Defendants' infringements) can be seen herein:



**INC Defenders MEDIA**
September 12 · 🌐

"THE LAUNCHING"

10/01/17 8:30PM (... Continue Reading



| Example of the infringement: Defendant's Unauthorized Use of Plaintiff's trademark. | Plaintiff's trademark for which Plaintiff applied for federal registration on September 7, 2017 under Serial Number 87598939. |
|---|---|

21  The following links contain the videos published on YouTube by INC Defenders

22  Media containing Plaintiff's trademarks and copyrighted material:

23  www.youtube.com/watch?v=Yjai80XoZPE

24  www.youtube.com/watch?v=k8YBU7dVz2s

25  www.youtube.com/watch?v=n3iOsAHnQsI

26  www.youtube.com/watch?v=9sMCDstcCfA

27  www.youtube.com/watch?v=hphbvOTNu3E

28  www.youtube.com/watch?v=nGPyq2892cM&t=1724s

1    _www.youtube.com/watch?v=qWSPul8zwSM_

2    _www.youtube.com/watch?v=OOy3lxepif8_

3    _www.youtube.com/watch?v=vxVwpm66JAw_

4    _www.youtube.com/watch?v=9RwoUHe2jfg_

5    (35)   These websites also contain blogs by "Antonio Ebangelista," a pseudonym

6    for a group of individuals who conduct worship services under the Plaintiff's name.

7    Antonio Ebangelista represents itself as part of INC, and uses INC's trademarks and

8    copyrighted materials in its posts. One for the examples of the infringement is

9    represented herein (not a complete list):



Antonio Ramirez
Ebangelista published an
article on WordPress.
March 20 · WordPress · 🌐

Brethren in different parts of the world
have been requesting for a way to
attend the INC De... Continue Reading



| Example of the infringement: Defendant's Unauthorized Use of Plaintiff's trademark. |
|---|

| Plaintiff's trademark for which Plaintiff applied for federal registration on September 7, 2017 under Serial Number 87598939. |
|---|

19    (36)   Furthermore, these websites (www.incsilentnomore.com,

20    www.incdefenders.org, www.incdefendersmedia.com,

21    www.incfromtheedge.wordpress.com and www.increflections.wordpress.com contain

22    and publish blog entries that spread rumors, unfounded allegations and accusations and

23    lies about INC's Administration and expose confidential information about INC.

24    Members of H20 Now directly and openly defame INC and its Administration in social

25    media (including Facebook, Instagram and Twitter) and in print media.

26    (37)   Members of H20 Now conducted demonstrations and protests during

27    INC's worship services in Fremont, Bakersfield, Anaheim, Los Angeles, Long Beach

28    and in the U.S. Main Office of INC in Burlingame, California. Demonstrators disrupted

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  INC's worship services and created confusion among INC members as they used INC's
2  name, Seal and Flag.

3  (38)   Members of H20 Now misrepresented their status as INC members in
4  order to gather INC members in their houses. In these gatherings, H20 members invite
5  third-party businesses to give direct marketing presentations about commercial goods
6  for sale, such as rice cookers, ACEA water, air humidifiers and juicers, and INC
7  members are encouraged to purchase such goods.

## COUNT I
### False Designation of Origin

10  (39)   Plaintiff incorporates by reference all of the proceeding allegations.

11  (40)   The organization and procession of worship services provided by
12  Defendants and its members belong to the history and tradition of INC, not Defendants.
13  INC had expended substantial efforts to encourage its followers to become members of
14  INC.

15  (41)   As set forth above, the organization and procession of the worship service,
16  including arrangement of conregants in the worship room, the use of INC's Seal,
17  Executive Seal and Flag (hereafter, "INC's Trademarks") and protected copyrighted
18  materials, is a distinctive service provided by INC.

19  (42)   Defendants' representations of still being a part of INC, its history and
20  goodwill is a false representation to the public, which causes confusion, mistake and
21  deception as to the affiliation, connection and association of Defendants with INC.

22  (43)   Defendants' wrongful use of INC's Trademarks in connection with the
23  worship services provided by Defendants causes confusion, mistake and deception as to
24  the affiliation, connection and association of Defendants with INC, and /or as to the
25  origin, sponsorship and approval of Defendants' services and activities bearing INC's
26  Trademarks.

27  (44)   Defendants' false representations regarding the membership with INC is
28  statutorily prohibited by Section 5 of the Lanham Act, which provides:

1     *Where a registered mark or mark sought to be registered is or may be used*

2     *legitimately by related companies, such use shall incur to the benefit of the*

3     *registrant or applicant for registration.* 15 U.S.C Section 1055.

4     (45)   Because Defendants operate under the name of INC, such use inured

5 exclusively to the benefit of INC as a "related" entity pursuant to Section 5 of the

6 Lanham Act, 15 U.S.C Section 1055.

7     (46)   Defendants' acts have caused, and, unless restrained by this Court, will

8 continue to cause INC and the public to suffer great and irreparable damage and injury

9 through, *inter alia*, (a) likelihood of confusion, mistake and deception among the

10 relevant public as to the source of Defendants' services and activities; and (b) the loss of

11 INC's valuable goodwill and reputation symbolized by INC's Trademarks.

12     (47)   Plaintiff is entitled to recover from Defendants the damages it has

13 sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein.

14 Plaintiff is further entitled to recover from Defendants the gains, profits and advantages

15 that they have obtained as a result of such wrongful conduct.

16     (48)   Wherefore, Defendants are engaged in a false designation of origin within

17 the meaning of Lanham Act Section 43 (a)(1)(A), 15 U.S.C. § 1125 (a)(1)(A), causing

18 irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

19     (49)   Pursuant to 15 U.S.C § 116, Plaintiff is entitled to an injunction restraining

20 Defendants, the officers, agents and employees, and all persons acting in concert with

21 them, from engaging in any further such acts of infringement in violation of the

22 Lanham Act.

23     (50)   Defendants' wrongful use of INC's Trademarks was and continues to be

24 deliberate, willful and fraudulent and thus, constitutes a knowing use of registered and

25 protected trademarks of INC. Plaintiff therefore is entitled to recover its actual

26 damages, enhanced damages, its attorneys' fees and costs incurred in this action, and

27 prejudgment interest.

28     //

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

## COUNT II

### Copyright Infringement

(51)   Plaintiff incorporates by reference all of the preceding allegations.

(52)   As set forth above, Defendants and its members, without the authorization, consent or approval of Plaintiff, copied the arrangement, order and manner of INC's worship services. Furthermore, Defendants used, posted and published INC's hymns which are original works of authorship belonging to INC, including, but not necessarily limited to, the selection, coordination and arrangement of text, images, colors and overall appearance.

(53)   Plaintiff owns all right, title and interest in and to the copyright in original works of authorship created by INC that were and remain associated with INC. Therefore, Plaintiff owns the content provided on the aforementioned websites that relates to the use of INC's copyrighted materials. INC's claim to ownership of such copyright is attested to in the six registrations issued by the United States Copyright Office, copies of which are attached to this Complaint as **Exhibit A**. Furthermore, Plaintiff applied to the U.S. Copyright Office to register its original works of authorship described in Paragraph 24 of this Complaint.

(54)   By copying the original works of authorship of INC, Defendants infringed Plaintiff's exclusive rights under Section 106 of United States Copyright Law, 17. U.S.C. § 106.

(55)   Defendants' copyright infringement harms INC as the copyright owner because the use of copyrighted material causes confusion, mistake and deception among INC's members and followers of the history and goodwill of INC.

(56)   Wherefore, Plaintiff demands judgment against Defendants as set forth in the Prayer for Relief.

## COUNT III

### Federal Trademark Infringement

(57)   Plaintiff incorporates by reference all of the preceding allegations.

(58)   Plaintiff INC owns all right, title and interest in and to multiple trademark registrations, including but not limited to the following:

| Mark | Goods/Services |
|---|---|
| **THE SEAL**<br>U.S. Reg. No. 4,486,786, registered 2/25/2014<br>Copy of the Registration Certificate is attached as **Exhibit B** to the Complaint. | Printed matter, namely books, periodicals, pamphlets, manuals, newsletters in the field of religion.<br>Broadcasting and transmission of radio and television programs in the field of religion, cable television broadcasting in the field of religion.<br>Education, namely organizing classes, seminars, workshops in the field of religion, academic education services, religious education, namely religious instruction services, arranging and conducting of educational colloquiums in the field of religion, providing information about education. |
| **THE FLAG**<br>U.S. Application, Serial Number: 87574268<br>Copy of the Application is attached as **Exhibit C** to the Complaint. Applied on 8/18/2017.<br><br>WIPO Reg. No. 4-2012-001101, registered on 4/26/2012 | Arranging and conducting educational conferences; arranging and conducting educational congresses, arranging and conducting of concerts; layout services other than for advertising purposes; organization of exhibitions for cultural or educational purposes; photographic reporting, publication of text books, radio entertainment production; recording studio services, religious instruction services, subtitling, multimedia publishing of books, magazines, journals, software, games, music and electronic publications. |
| **THE EXECUTIVE** | Arranging and conducting educational conferences; |

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— ATTORNEYS AT LAW —

| | |
|---|---|
| **SEAL**<br><br>U.S. Application, Serial Number: 87598939<br><br>Copy of the Application is attached as **Exhibit D** to the Complaint. Applied on 9/7/2017.<br><br>WIPO Reg. No. 4-2012-001103, registered 4/26/2012 | arranging and conducting educational congresses, arranging and conducting of concerts; layout services other than for advertising purposes; organization of exhibitions for cultural or educational purposes; photographic reporting, publication of text books, radio entertainment production; recording studio services, religious instruction services, subtitling, multimedia publishing of books, magazines, journals, software, games, music and electronic publications. |

(59)   Despite knowing that INC owns all right, title and interest in and to the aforementioned trademarks, Defendants continue to use INC's Trademarks in public and continue to post, publish and display INC's Trademarks on websites they operate and own.

(60)   Defendants' conduct has caused actual confusion among the members of INC, its followers and the general public regarding Defendants' affiliation with INC and the origin of its services.

(61)   Wherefore, Plaintiff demands judgment against Defendants as set forth in the Prayer for Relief.

## COUNT IV
### Infringement of Unregistered Logo and Trademark

(62)   Plaintiff incorporates by reference all of the preceding allegations.

(63)   INC applied for registration of the following trademarks with the U.S. Trademark and Patent Office on August 18, 2017 and September 7, 2017, which had acquired distinctiveness as a designation of origin that identifies Plaintiff as the origin

of services provided to the public. (See **Exhibit C and D**). Furthermore, these two marks were registered with WIPO on April 26, 2012.

| **THE FLAG** WIPO Reg. No. 4-2012-001101, registered on 4/26/2012 <br><br> Copy of the U.S. Application is attached as **Exhibit C** to the Complaint. Applied on 8/18/2017. | Newsletter, newspapers, pamphlets, periodicals, printed matter, publications. <br> Publications, accounting, advertising, business information, online advertising on a computer network, opinion polling, public relations, publicity. <br> Broadcasting radio and television, cellular telephone communications, communications by computer terminals, wire service. <br> Education, religious education, publication of books, arranging and conductions, conferences, seminars, symposiums, worships. |
|---|---|
| **THE EXECUTIVE SEAL** WIPO Reg. No. 4-2012-001103, registered 4/26/2012 <br><br> Copy of the U.S. Application is attached as **Exhibit D** to the Complaint. Applied on 9/7/2017. | Newsletter, newspapers, pamphlets, periodicals, printed matter, publications. <br> Publications, accounting, advertising, business information, online advertising on a computer network, opinion polling, public relations, publicity. <br> Broadcasting radio and television, cellular telephone communications, communications by computer terminals, wire service. <br> Education, religious education, publication of books, arranging and conductions, conferences, seminars, symposiums, worships. |

(64)     Defendants, by their willful and deliberate copying and use of INC's Trademarks and appearance, infringed Plaintiff's unregistered marks and trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

(65)   Wherefore, Plaintiff demands judgment against defendants as set forth in the Prayer for Relief.

**COUNT V**

**Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 et seq.**

(66)   Plaintiff incorporates by reference all of the preceding allegations.

(67)   Defendants' unlawful conduct set forth herein has had a substantial effect on commerce, and constitutes unlawful, unfair, and fraudulent business practices in violation of Section 17200, et seq., of the California Business and Professions Code.

(68)   Defendants willfully intended to trade on the strength, reputation and goodwill of INC, to mislead the public with wrongful use of INC's Trademarks, and to cause injury to INC.

(69)   As a direct and proximate result of Defendants' unlawful acts, INC has suffered and will continue to suffer injury to its goodwill and property.

(70)   Wherefore, Defendants are violating Section 17200, et seq., of the California Business and Professions Code, causing irreparable injury to Plaintiff, for which Plaintiff have no adequate remedy at law.

**COUNT VI**

**Unfair Competition Under California Common Law**

(71)   Plaintiff incorporates by reference all of the preceding allegations.

(72)   By engaging in the wrongful conduct described herein, Defendants willfully intended to trade on the strength and reputation of INC and its Trademarks, to cause injury to INC, and to pass off its services as those of Defendants.

(73)   Defendants' wrongful use of INC's Trademarks in connection with provision of worship services caused and continues to cause confusion, mistake and deception as to the affiliation, connection and association of Defendants with INC and/or as to the origin, sponsorship, and approval of Defendants' services bearing INC's Trademarks.

(74)   As a direct and proximate cause of Defendants' unlawful acts, Defendants

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

have been unjustly enriched at INC's expense and INC has suffered and will continue to suffer a competitive injury and damages.

(75)   Defendants acted with oppression, fraud and malice and willfully intended to trade on the strength, reputation and goodwill associated with INC in order to mislead the public and cause injury to INC. Thus, INC is entitled to punitive damages.

### COUNT VII

### Breach of Confidential Relationship

(76)   Plaintiff incorporates by reference all of the preceding allegations.

(77)   Plaintiff entrusted confidential information to Defendants when Defendants were ministers, officers and members of INC. Defendants used this confidential information to their advantage to assist themselves on legal issues and to defame INC online.

(78)   By using confidential information of INC, all as in hereinabove alleged, Defendants breached their confidential relations with INC and committed disclosure of confidential information.

(79)   As a direct and proximate result of disclosure of the confidential information, Plaintiff has been damaged in an amount which will be shown according to proof at trial.

(80)   Plaintiff further alleges that the conduct of Defendants was carried out in bad faith, was malicious, fraudulent and oppressive, evidences a complete disregard for INC's interests and was done to injure, harass, vex and annoy INC, thereby entitling INC to punitive damages to be shown according to proof at trial

### COUNT VIII

### Libel

(81)   Plaintiff incorporates by reference all of the preceding allegations.

(82)   The Court has pendent jurisdiction over this State Claim.

(83)   Defendants have publicly accused Plaintiffs of lying about the origin and source of goodwill associated with INC and the relationship between the parties.

(84)   On information and belief, Defendants have authorized, directed, endorsed or approved the lies and false statements regarding INC.

(85)   Defendants are intentionally disparaging the reputation and goodwill of INC and the services offered by INC, causing pecuniary damage to INC, including, but not limited to lost donations of INC members.

(86)   Wherefore, Defendants are engaged in trade libel under California Law, causing irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff INC requests the following:

a)     That Defendants submit a declaration stating that they were expelled from INC and are no longer associated with INC.

b)     A preliminary and permanent injunction against Defendants, collectively and individually, and their officers, employees, shareholders, partners, principals, agent, assignees, beneficiaries, successors, licensees, distributors, attorneys, proxies, alter egos, aliases, and all other persons acting in concert with Defendants collectively or individually, from:

i.     use of INC's Seal,  Executive Seal and Flag, and all other trademarks, service marks, trade names, acronyms, abbreviations, logos, trade dress, Internet domain names, or advertising keywords that are confusingly similar to Plaintiff's registered and unregistered trademarks and trade dress;

ii.    representing or asserting that they are affiliated or connected with INC, its history and goodwill;

iii.   referencing the history and goodwill of INC or their past association with INC in any advertising, promotion and commercial or official communications;

iv.    engaging in false advertising and promotion of Defendants' worship

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  services and gathering under INC's name and goodwill;

v.  distributing records, copies, recordings, histories or descriptions of past or present events sponsored, authorized, endorsed or approved by Plaintiff in a manner that is likely to cause confusion, mistake or deception regarding the sponsorship, authorization, endorsement or approval of such events, or to cause members of INC to believe, mistakenly, that such event, worship service or gathering was sponsored, endorsed or approved by INC;

vi.  reproducing, distributing or preparing derivative works based on Plaintiff's copyrighted works;

vii.  posting, publishing or blogging using INC's Trademarks and/or in a manner that would cause confusion, mistake or deception regarding the origin of such posts, publications or blog entries;

viii.  posting, publishing or blogging defamatory information about INC, INC's Administration or INC's members, including disclosure of trade secrets and other confidential information gained while a member of INC.

c)  An Order declaring that Defendants' acts constitute:

i.  false designation of origin in violation of Section 43(a)(1)(A) of Federal Trademark Act of 1946, as amended (The "Lanham Act"), 15 U.S.C.§1125 (a)(1)(A);

ii.  false advertising in violation of Lanham Act Section 43(a)(1)(B), 15 U.S.C.§1125 (a)(1)(B);

iii.  false advertising in violation of Section 17500 of the California Business & Professions Code;

iv.  libel in violation of California common law;

v.  federal copyright infringement;

vi.  federal trademark infringement;

vii.  infringement of INC's unregistered logos and trade dress;

viii.  federal trademark infringement in violation of Section 32(1) of the

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    Lanham Act, 15 U.S.C. §1114(1);

2         ix.    infringement of Plaintiff's unregistered trademarks, trade names, logos in

3    violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

4         d)     An Order directing Defendants to file with this Court and serve upon

5    Plaintiff within thirty (30) days after service of the injunction a report in writing, under

6    oath, setting forth in detail the manner and form in which Defendants have complied

7    with, and will continue to comply with, the injunction and further orders of this Court.

8         e)     An accounting of profits pursuant to Section 35(a) of the Lanham Act, 15

9    U.S.C. §1117(a).

10        f)     An award of lost profits and damages in such amount as may appear

11   appropriate following trial on the merits, pursuant to Section 35(a) of the Lanham Act,

12   15 U.S.C. §1117(a).

13        g)     An award of costs and attorney fees pursuant to Section 35(a) of the

14   Lanham Act, 15 U.S.C. §1117(a).

15        h)     Such further relief as the Court may find to be equitable, just and

16   appropriate.

17                      **DEMAND FOR JURY TRIAL**

18        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, INC hereby

19   demands a trial by jury of any and all issues triable of right by a jury.

20

21   DATED:  January 25, 2018          **MANNING & KASS**

22                                     **ELLROD, RAMIREZ, TRESTER LLP**

23

24

25                              By:    _/s/ Jenifer Wallis_

26                                     Anthony Ellrod
                                       Jenifer Wallis
27                                     Natalya Vasyuk
                                       Attorneys for Plaintiff IGLESIA NI
28                                     CRISTO (Church Of Christ)