UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGLESIA NI CRISTO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LUISITO E CAYABYAB, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-00561-BLF (SVK)<br><br>**INTERIM ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL AND PROPOSED DISCOVERY PLAN**<br><br>Re: Dkt. Nos. 81, 92 |

The Court has received and reviewed Plaintiff Iglesia Ni Cristo's ("Plaintiff or INC") proposed discovery plan (ECF 92). It does not meet the requirements set forth by the Court at the hearing on March 7, 2019. Plaintiff's prosed plan presents 48 requests for production, 28 interrogatories and 60 requests for admission—many of which are so overbroad as to be unduly burdensome in any context, let alone for the narrow purpose of responding to the pending anti-SLAPP motions. *See Heller v. NBCUniversal, Inc.*, No. CV-15-09631-MWF-KS, 2016 WL 6583048, at *10 (C.D. Cal. June 29, 2016) (holding that "[a]ll discovery must be strictly limited to" the issue raised by the anti-SLAPP motion). Further, Plaintiff presents only a vague, broad statement as to how these requests tie to the motion. ECF 92 at 1-2.

As the Court directed at the hearing:

1. **Each request must be very narrowly tailored to elicit information tied to facts set forth in Defendants' anti-SLAPP motions or supporting declarations.**

Many of Plaintiff's requests ignore this directive. Outstanding examples include: Interrogatories Nos. 5 and 11, pursuant to which Plaintiff seeks to compel Defendant Rolando Dizon Jr. to identify each H20 Now USA's ("H2O Now") meeting, worship service meeting or bible study that he led or officiated in part since the date of his expulsion from INC and to identify

any communications Defendant Dizon Jr. sent or received related to those services. *Id.* at 3-4. Further examples include Interrogatories Nos. 2, 1 and 2,[1] pursuant to which Plaintiff seeks to compel Defendant Luisito Cayabyab to describe any positions and/or titles he currently holds or has held with H20 Now and to identify any communications he received while acting in those positions and all documents relating to his duties, *id.* at 10, and Request for Production No. 44 where Plaintiff seeks "[a]ll documents referring or relating to any transfer of any of Defendant H20 Now's assets (including but not limited to bank accounts, funds, membership lists, hymns, websites) to any third party." *Id.* at 17. These examples are by no means exhaustive. Plaintiff's proffered requests fail to demonstrate a good faith effort by Plaintiff to limit discovery requests to information essential to opposing Defendants' anti-SLAPP motions.

## 2. The Court further ordered that each request must identify the specific fact(s) in the motion or declaration to which it is directed.

Plaintiff asserts that it has narrowed its discovery requests "to certain questions which Plaintiff anticipates will assist it in opposing the Defendants' pending Anti-SLAPP motions." ECF 92 at 2. This general statement followed by the identification of three extremely broad categories of documents does not meet Plaintiff's burden. Instead, Plaintiff must identify the specific factual assertions that it needs discovery to oppose.

For example, Defendants Lionel Roque Dela Uso, Allan Monte De Ramos, Jesle Llaban Kuizon, Liezl Diaz-DeoCampo, Edwin Lionel R. Mora, Allan Villanueva and H2O Now's anti-SLAPP motion asserts that "[n]one of the Defendants have used INC's Seal, Flag, Executive Seal, or hymns from INC's Hymnal Book." ECF 58 at 4 (citing De La Uso Decl. ¶¶ 4–5; Kuizon Decl. ¶¶ 5–6; Mora Decl. ¶ 5–6; Ramos Decl. ¶¶ 4–5; Villanueva Decl. ¶¶ 7–8). A request tied to this fact might seek documents, including photos of services, that reflect H2O Now's use of INC's Seal, Flag, Executive Seal or hymns from INC's Hymnal Book. Defendants Cayabyab and Dizon Jr.'s anti-SLAPP motion denies that they have any involvement with the websites: www.incsilentnomore.com, www.incdefenders.org, www.incdefendersmedia.com,

---

[1] Plaintiff includes two interrogatories labeled Interrogatory No. 2. ECF 92 at 10.

2

www.incfromtheedge.wordpress.com and www.increflections.wordpress.com. ECF 72 at 5-6 (citing Cayabyab Decl. ¶ 6; Dizon Jr. Decl. ¶ 4). A request tied to this fact might seek a description of Defendants Cayabyab and Dizon Jr.'s involvement in the creation, operation, production or content of the subject websites.

At the hearing, the Court resisted setting numerical limits on discovery to be propounded for the limited purpose of opposing the anti-SLAP motion; however the sheer number of requests Plaintiff proposes propounding, untethered to specific facts in dispute, causes the Court to revisit this approach. Given the pleadings and declarations at issue, the Court would not anticipate more than three interrogatories and three requests for production per defendant, each tied to a specific fact in accordance with the examples set forth immediately above. If Plaintiff has a good faith belief that there is an additional fact as to any defendant that is an appropriate target for discovery at this stage, it may pose the request with the requisite tie to a fact asserted in the anti-SLAPP motions or supporting declarations.

**3. This is not the time or place for requests for admission.**

As discussed at the hearing, discovery in this matter is not stayed. However, the Court suggested, and Plaintiff and Defendants agreed, that the reasonable way to proceed is to handle discovery needed for the response to the anti-SLAPP motions in the very near term and then to turn to disputes related to discovery more broadly. The Court's forthcoming order addresses this approach in more detail.

////
////
////
////
////
////
////
////
////

In light of this interim order, the Court sets the following revised schedule:

- Plaintiff is to submit a revised discovery plan to the Court and Defendants by **March 12, 2019 at 12:00 p.m.** Plaintiff is to provide the Court and Defendants a discovery plan, identifying narrow interrogatory requests or requests for production Plaintiff propounds to respond to Defendants' anti-SLAPP motions. For each request, Plaintiff must identify and cite to a specific factual challenge set forth in Defendants' anti-SLAPP motions or accompanying declarations.
- Upon receipt of the discovery plan, the Parties are to immediately meet and confer regarding the scope and timing of the requests. If the Parties fail to reach agreement, they may submit a joint discovery letter by **March 13, 2019 at 2:00 p.m.** This letter must comply with the Court's civil scheduling and discovery standing order and set forth, in chart form, (1) the disputed request, (2) Plaintiff's position regarding why that request is necessary and (3) Defendant's response. The Court will hold a hearing on the Parties' disputes on **March 14, 2019 at 10:00 a.m.**

**SO ORDERED.**

Dated: March 11, 2019

SUSAN VAN KEULEN
United States Magistrate Judge