UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGLESIA NI CRISTO,<br><br>    Plaintiff,<br><br>v.<br><br>LUISITO E CAYABYAB, et al.,<br><br>    Defendants. | Case No. 18-cv-00561-BLF (SVK)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 81, 84, 85 |

Plaintiff Iglesia Ni Cristo moves to compel Defendant H20 Now USA ("Defendant H2O") and Defendants Luisito E. Cayabyab and Rolando Dizon, Jr. ("Defendants Cayabyab and Dizon") to respond to Plaintiff's outstanding discovery requests. ECF 81. The Parties' dispute arises out of Defendants' motions to strike portions of Plaintiff's amended compliant (ECF 53) under California's Strategic Lawsuit Against Public Participation statute (Cal. Civ. P. Code § 425.16). ECF 58; ECF 73 ("anti-SLAPP motions"). The Honorable Beth Labson Freeman extended Plaintiff's deadline to file oppositions to Defendants' anti-SLAPP motions and motions to dismiss to April 22, 2019, to allow this Court time to rule on the instant motion to compel. ECF 82. The hearing date for Defendants' motions remains May 16, 2019. *Id.*

Plaintiff specifically seeks responses to special interrogatories and requests for production[1] "to move litigation along in this case and to oppose the pending Anti-SLAPP motions." ECF 81 at 4. Defendant H2O and Defendants Cayabyab and Dizon both filed oppositions to Plaintiff's

---

[1] Plaintiff also propounded requests for admissions. ECF 81 at 9 n.2. Plaintiff does not seek to compel responses to those requests and instead asserts that Defendant H2O's and the Defendants Cayabyab and Dizon's failure to respond to those requests means that the Court should deem those requests admitted. *Id.* As noted below in Section II(B) the Court finds that Defendants have not waived their right to object to or otherwise respond to Plaintiffs' discovery requests, including requests for admissions.

motion to compel (ECF 84; ECF 85), and the Court held a hearing on March 7, 2019. For the reasons stated at the hearing and set forth below, the Court finds that discovery is not stayed, and Plaintiff is entitled to the discovery of information essential to opposing Defendants' anti-SLAPP motions.

## I. LEGAL BACKGROUND

### A. The Two Steps of Anti-SLAPP Motion Analysis

When evaluating an anti-SLAPP motion, the Court engages in a two-step analysis. First, the Court determines whether the plaintiff challenges "an act in furtherance of protected expression." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). If so, the Court proceeds to the second step, where "the plaintiff must show a 'reasonable probability' of prevailing in its claims for those claims to survive dismissal." *Id.* (citations omitted). The Court will grant an anti-SLAPP motion (1) if "a plaintiff presents an insufficient legal basis for the claims" or (2) "when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." *Id.* (citations and internal quotation marks omitted). Thus, an anti-SLAPP motion can challenge either the legal sufficiency or the factual sufficiency of a claim. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

Whether a defendant's motion challenges the legal or factual sufficiency of a claim determines the standard of review that the Court applies. For instance, "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* In contrast, "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply." *Id.*

### B. Permitted Discovery under Ninth Circuit Law

Section 425.16(g) provides for an automatic stay of discovery upon the filing of an anti-SLAPP motion. Cal. Civ. P. Code § 425.16(g). However, the Ninth Circuit has recognized that this provision collides with the Federal Rules of Civil Procedure when a defendant challenges the factual sufficiency of a claim. *See Metabolife*, 264 F.3d at 846–47. Section 425.16(g)'s discovery stay conflicts with Federal Rule of Civil Procedure 56, which requires that the Court allow

discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Id.* at 846 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (internal quotation marks omitted). In implementing *Metabolife*'s holding, several courts have adopted Federal Rule of Civil Procedure 56(f)'s standard that discovery must be essential to the plaintiff's opposition. *Price v. Stossel*, 590 F. Supp. 2d 1262, 1270 (C.D. Cal. 2008); *see also Heller v. NBCUniversal, Inc.*, No. CV-15-09631-MWF-KS, 2016 WL 6583048, at *10 (C.D. Cal. June 29, 2016) (holding that "[a]ll discovery must be strictly limited to" the issue raised by the anti-SLAPP motion). Indeed, following *Planned Parenthood*, the Ninth Circuit affirmed the denial of a request to conduct discovery prior to granting an anti-SLAPP motion where the plaintiff failed to "provide an affidavit or declaration outlining why he needed additional discovery" or offer "any facts that he hopes to discover that could defeat" an argument in the defendants' motion. *Khai v. Cty. of Los Angeles*, 730 F. App'x 408, 410–11 (9th Cir. 2018). Accordingly, a Court must only provide a plaintiff an opportunity to seek discovery regarding "essential" information for her opposition of an anti-SLAPP motion challenging the factual sufficiency of her claim(s).

Lastly, the Ninth Circuit has also recognized that the anti-SLAPP statute does not apply to claims asserted under federal law. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).

**II. Analysis**

**A. Plaintiff's Right to Discovery to Oppose Defendants' Anti-SLAPP Motions**

The Parties dispute (1) whether Plaintiff is entitled to discovery in light of § 425.16(g) and Defendants' anti-SLAPP motions and (2) the proper scope of such discovery.

Plaintiff contends that there is no discovery stay in the case pursuant to *Planned Parenthood*. ECF 81 at 5. Defendants counter that at the initial case management conference and hearing on Defendants' motions to dismiss and anti-SLAPP motions against Plaintiff's original complaint on July 26, 2018, Judge Freeman indicated that Plaintiff would have to file a motion for leave to take discovery in the event Defendants brought an anti-SLAPP motion against the amended complaint. ECF 84 at 2; ECF 85 at 2, 11. Although Judge Freeman did refer to a motion for leave to take discovery (ECF 48 at 33:8–20; 39:19–23), Judge Freeman also noted that there is

1 no "discovery stay . . . in federal court for when anti-SLAPP motions are pending." *Id.* at 42:1–3.

2 The case management order (ECF 46) also does not reflect a stay of discovery, nor have

3 Defendants moved for either a stay or a protective order. Accordingly, discovery is not stayed in

4 this matter.

5 The Court next turns to whether Plaintiff is entitled to discovery on an expediated timeline

6 for the purpose of responding to Defendants' anti-SLAPP motions. Plaintiff argues that both

7 Defendant H2O and Defendants Cayabyab and Dizon attach declarations to their anti-SLAPP

8 motions and contends that both motions challenge the factual sufficiency of Plaintiff's claims.

9 ECF 81 at 7–8. As a result, Plaintiff argues that *Planned Parenthood* mandates that the Court

10 provide Plaintiff the opportunity to conduct discovery. *Id.* Both Defendant H2O and Defendants

11 Cayabyab and Dizon contend that their anti-SLAPP motions only challenge the legal sufficiency

12 of Plaintiff's claims, so no discovery is warranted. ECF 84 at 1; ECF 85 at 8.

13 As noted above, whether a plaintiff must submit evidence to support her claims in response

14 to an anti-SLAPP motions is tied to whether that motion challenges the legal sufficiency or factual

15 sufficiency of the plaintiff's claims. *See Planned Parenthood*, 890 F.3d at 834. When a plaintiff

16 faces a factual sufficiency challenge, the Court must provide the plaintiff with the "opportunity to

17 discover information that is essential to its opposition." *Metabolife*, 264 F.3d at 846 (quoting

18 *Liberty Lobby*, 477 U.S. at 250 n.5) (internal quotation marks omitted). In that situation, a

19 plaintiff is entitled to discovery regarding "essential" information for her opposition of an anti-

20 SLAPP motion.

21 The issue of whether Defendants' anti-SLAPP motions challenge the legal sufficiency of

22 Plaintiff's claims, the factual sufficiency of those claims, or both, goes to the disposition of

23 Defendants' motions and is therefore properly reserved for Judge Freeman. This Court need not

24 determine the nature of Defendants' challenges. Rather, the issue before this Court is whether the

25 discovery Plaintiff seeks is "essential" to Plaintiff's opposition of Defendants' anti-SLAPP

26 motions. Plaintiff's motion to compel seeks responses to 134 requests for production and 58

27 interrogatories. *See* ECF 81-2. However, as discussed at length in the March 7, 2019 hearing,

28 Plaintiff fails to identify specific factual challenges to Plaintiff's claims and the information in

Defendants' possession essential to opposing those factual challenges. Absent such a showing, Plaintiff does not have a right to discovery prior to Judge Freeman's ruling on Defendants' anti-SLAPP motions. *See Khai,* 730 F. App'x at 410–11. Accordingly, Plaintiff must identify the specific discovery essential to opposing Defendants' anti-SLAPP motions. To this end, the Court ordered Plaintiff to submit a proposed discovery plan to Defendants and the Court by March 8, 2019 at 5:30 p.m., and today the Court has provided additional, interim direction as to that plan. ECF 93.

### B. Discovery Regarding Issues Beyond Defendants' Anti-SLAPP Motions

As discussed above, discovery is not stayed, and the anti-SLAPP statute does not apply to claims asserted under federal law. *Hilton*, 599 F.3d at 901. As a result, Defendants remain obligated to respond to properly served discovery requests regarding Plaintiff's federal claims. Plaintiff contends that Defendants' alleged failure to respond to Plaintiff's discovery requests precludes Defendants from now asserting objections to those requests. ECF 81 at 8–11. However, the Court finds that in light of the discussions at the hearing before Judge Freeman noted above, Defendants' refusal to respond to Plaintiff's discovery requests without a motion was not entirely unfounded. Accordingly, as discussed with the Parties at the March 7, 2019 hearing, the clock will be reset as to discovery not essential for the anti-SLAPP motions.

Accordingly, the Court **ORDERS** that the Parties meet and confer regarding a schedule for addressing the discovery requests that go to issues beyond the information essential to responding to Defendants' anti-SLAPP motions. This schedule should include an agreement as to the deadline for Defendants' responses to Plaintiff's outstanding discovery requests, taking the schedule for the pending motions into account.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

- Plaintiff is to provide the Court and Defendants a discovery plan, identifying any interrogatory requests or requests for production that Plaintiff seeks to respond to Defendants' anti-SLAPP motions, in accordance with ECF 93.
- The Court also finds that there is no discovery stay in this case. Accordingly, after the

issues regarding discovery for the anti-SLAPP motions are resolved, the Parties are to meet and confer regarding a schedule for addressing the discovery requests that go to issues beyond the information essential to responding to Defendants' anti-SLAPP motions. This schedule should include an agreement as to the deadline for Defendants' responses to Plaintiff's outstanding discovery requests which takes into account the pending motions.

- As noted at the hearing, the Court grants Defendant H2O's request to reserve its right to seek sanctions in connection with this dispute. The remaining requests for sanctions are **DENIED**. ECF 81 at 12; ECF 85 at 14.

**SO ORDERED.**

Dated: March 11, 2019

SUSAN VAN KEULEN
United States Magistrate Judge