Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone:  (925) 487-5607
Email:      *seth@sethwienerlaw.com*

Attorney for Defendants
LUISITO E. CAYABYAB, ROLANDO DIZON, JR.,
LIONEL ROQUE DELA USO, ALLAN MONTE DE RAMOS,
JESLE LLABAN KUIZON, LIEZL DIAZ-DEOCAMPO,
EDWIN LIONEL R. MORA, ALLAN VILLANUEVA, H2O NOW USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGLESIA NI CRISTO (Church of Christ),<br><br>                          Plaintiff,<br><br>v.<br><br>LUISITO E. CAYABYAB, ISAIAS T. SAMSON, JR., ROLANDO DIZON, JR., LIONEL ROQUE DELA USO, ALLAN MONTE DE RAMOS, JERIEL NEMIS, JESLE LLABAN KUIZON, BERNARD GARCIA, LIEZL DIAZ-DEOCAMPO, EDWIN LIONEL R. MORA, ALLAN VILLANUEVA, H2O NOW USA, a California Non-Profit Mutual Benefit Corporation,<br><br>                          Defendants. | Case No.:  5:18-CV-00561-BLF<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      Thursday, February 27, 2020<br>Time:      9:00 a.m.<br>Judge:   Hon. Beth Labson Freeman<br>Ctrm.:   3, 5th Floor |

## I.     **INTRODUCTION**

Defendants Luisito E. Cayabyab ("Cayabyab"), Rolando Dizon, Jr. ("Dizon"), Lionel Roque De La Uso ("De La Uso"), Allan Monte De Ramos ("Ramos"), Jesle Llaban Kuizon ("Kuizon"), Edwin Lionel R. Mora ("Mora"), Allan Villanueva ("Villanueva") and H2O Now USA (collectively, "Defendants") are entitled to summary adjudication on each cause of action in Plaintiff Iglesia Ni Cristo (Church of Christ)'s ("Plaintiff" or "INC") Second Amended Complaint for False Designation of Origin, Copyright Infringement, Federal Trademark Infringement, Infringement of Unregistered Logo and Trademark, Unfair Competition Under Cal. Bus. & Prof. Code., Unfair Competition Under California Common Law ("Second Amended Complaint"), pursuant to Federal Rule of Civil Procedure 56, on the ground that none of the Defendants infringed any of Plaintiff's trademarks or copyrights.  Plaintiff's Opposition does not submit any admissible evidence of any use of any of Plaintiff's trademarks or copyrights by any of the Defendants, and does not raise any genuine issues of material fact.

## II.    **EVIDENTIARY OBJECTIONS**

### A.     **The Declaration of Nicole M. Goss Does Not Properly Authenticate Any of the Attached Documents Allegedly Evidencing Defendants' Use of INC's Copyrights and Trademarks**

The Declaration of Nicole M. Goss in support of INC's Opposition to the Motion for Summary Judgment attaches approximately 30 pages of documents purportedly evidencing "Defendants' use of its trademarks" and approximately 50 pages of documents purportedly evidencing "Defendants' use of its copyrights."  Doc. 126[1], pp. 20, ¶¶ 9, 10, Doc. 126-3 and Doc. 126-4, Exhs. G and H.  Neither the Opposition nor the Declaration of Nicole M. Goss make any attempt to authenticate this so-called "mountain of evidence" under Federal Rule of Evidence 901, nor are the documents "self-authenticating" under Federal Rule of Evidence 902. *See Prime Media Group, LLC v. Acer America Corp.*, 2015 U.S. Dist. LEXIS 7515, at *3 (N.D. Cal. Jan. 22, 2015) ("With the exception of self-authenticating evidence enumerated in Federal Rule of Evidence 902, before an item may be admitted into evidence, the proponent must produce evidence sufficient to

---

[1] All citations herein to "Doc." refers to ECF Documents and ECF Page Numbers.

support a finding that the item is what the proponent claims it is. FRE 901.").  Therefore, the

unauthenticated documents cannot be considered for purposes of summary judgment.  *See Hal Roach*

*Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) ("It is well

established that unauthenticated documents cannot be considered on a motion for summary

judgment.") (*citing Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987); *see also*

*Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider

admissible evidence in ruling on a motion for summary judgment. Authentication is a 'condition

precedent to admissibility.' … We have repeatedly held that unauthenticated documents cannot be

considered in a motion for summary judgment") (citation omitted).

**B.    The Declarations of Lorna Diaz, Theodore B. Raza, Amor Tuzon Sagabaen, Araceli Lugtu, Ofelia Olegario, Susan Soriano, Erano P. Mallare, Luzviminda Tugas Obiacoro, John P. Borg, Eddie M. San Gabriel, and Rizalino C. Santos Are Not Verified in Conformance with 28 U.S.C. § 1746 and Must Be Disregarded**

The Declaration of Nicole M. Goss attaches as Exhibit D "eleven signed declarations attesting

to Defendants' use of Plaintiff's trademarks, Defendants' use of Plaintiff's copyrighted hymns, and to

the consumer confusion caused by Defendants' use of Plaintiff's trademarks." Doc. 126, pp. 19-20, ¶

6; Doc. 126-1, Exh. D, pp. 48-74.  The attached Declarations of Lorna Diaz (Doc. 126-1, p. 54),

Theodore B. Raza (Doc. 126-1, p. 55), and Amor Tuzon Sagabaen (Doc. 126-1, pp. 69-71) are not

sworn under penalty of perjury as required by 28 U.S.C. § 1746, and are not admissible as evidence.

*See Barroca v. Santa Rita Jail*, 2006 U.S. Dist. LEXIS 8297, at *10-*11 (N.D. Cal. Mar. 3, 2006)

(stating "[a] declaration is not admissible as evidence if not verified as true and correct and signed

under penalty of perjury" and finding that unverified "declaration is insufficient to defeat summary

judgment.").  The Declarations of Araceli Lugtu (Doc. 126-1, pp. 50-51), Ofelia Olegario Doc. 126-

1, pp. 52-53), Susan Soriano (Doc. 126-1, pp. 56-57), Erano P. Mallare (Doc. 126-1, pp. 58-60),

Luzviminda Tugas Obiacoro (Doc. 126-1, pp. 61-62), John P. Borg (Doc. 126-1, pp. 63-64), Eddie

M. San Gabriel (Doc. 126-1, pp. 65-66), and Rizalino C. Santos (Doc. 126-1, pp. 67-68) are made on

"information", and are likewise inadmissible for purposes of summary judgment.  See *Columbia*

*Pictures Industries, Inc. v. Professional Real Estate Investors*, *Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991), *aff'd,* 508 U.S. 49 (1993) ("Because [the] declaration is not based on personal knowledge, but on information and belief, [the declarant's] statement does not raise a triable issue of fact …") (*citing Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989)); *see also United States v. James*, 61 F.3d 913 (9th Cir. 1995) (concluding that a declaration of counsel "who testified on information and belief" "was of no evidentiary value"). Therefore, the Court should adopt its prior ruling that Defendants' "evidentiary objections … are largely well taken in terms of the declarations not being under oath" (Doc. 48, p. 8:20-22) and find that the foregoing Declarations are not admissible evidence.

**C.** **The Court Should Decline to Take Judicial Notice of INC's "Our History" Webpage**

The Court should decline INC's Request for Judicial Notice of its "Our History" Webpage. Doc. 127.[2] Contrary to the Request for Judicial Notice, the propaganda statements on the Webpage about how "the Church continues to progress and succeed" (Doc. 127, p. 9) do not serve to "demonstrate[ ] the fame and strength of Plaintiff's marks" (Doc. 127, p. 3:2) and are not otherwise relevant to any issue in this litigation.  *See Quantum Labs, Inc. v. Maxim Integrated Products Inc.*, 2019 U.S. Dist. LEXIS 199579, at *22-*23 (N.D. Cal. Nov. 18, 2019) (denying plaintiff's request for judicial notice of biography posted on defendant's website, as the document was not directed to a fact of consequence in determining the motion before the Court). Further, none of the purported "facts" on the Webpage are generally known within the trial court's territorial jurisdiction nor can they be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Koenig v. USA Hockey, Inc.*,  2010 U.S. Dist. LEXIS 122809, at *8-*9 (S.D. Ohio June 14, 2010) ("This Court concludes that federal courts should be very reluctant to take judicial notice of information or documents that appear exclusively on websites which have been created and are maintained by one of the parties to a case unless that party is a governmental body and the website is

---

[2] The Opposition also cites to the Declaration of Restituto S. Lazaro as support for the statements made on its Webpage (Doc. 126, pp. 11:14 - 12:9, but Defendants' counsel has not been able to identify where, if anywhere, in the voluminous record the Declaration is found.  "It behooves litigants, particularly in a case with a record of this magnitude, to resist the temptation to treat judges as if they were pigs sniffing for truffles." (*Dzung Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)* 627 F.3d 376, 386 (9th Cir. 2010).

maintained not to further the business interests of the party but to provide a source of public information. The potential for fabrication or for inaccurate information is simply too great to be reconciled with the language in Rule 201 to the effect that judicial notice may be taken only if the information comes from 'sources whose accuracy cannot reasonably be questioned.")  Thus, the Webpage is not a proper matter for judicial notice.  *See* Fed. R. Evid. 201(b); *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) ("Federal courts considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation."); *cf. Pollstar v. Gigmania Ltd.,* 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) (granting defendant's request for judicial notice of plaintiff's web site as some of the content were alleged in the complaint and neither party disputed the web site's authenticity" and declining "to consider whether a printout of a web site as that site existed on July 9, 2000 is 'generally known' and 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'").

III.   **DEFENDANTS' RESPONSES TO FALSE AND UNSUPPORTED "FACTS" ASSERTED IN INC'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

A.   **Defendants Kuizon, Mora and Villanueva Are Not Former INC Ministers**

In an effort to establish that [t]he services provided by Plaintiff and Defendants are identical," and without citing any supporting evidence, the Opposition incorrectly claims that "[t]he individual moving defendants were former ministers in Plaintiff's church until they were expelled therefrom." Doc. 126, pp. 11:14-15, 12:11.  In fact, Defendants Kuizon, Mora, and Villanueva were members of INC, but were never ministers of INC.  Doc. 125-2, ¶ 3; 125-5, ¶ 2; 125-7, ¶ 2. Villanueva was also INC's Legal Consultant from 1999 to 2004, Acting Corporate Secretary from 2004 to 2010, and counsel from 2010 to October 2011.  Doc. 125-2, ¶ 2.

B.   **H2O Now USA Never Provided Worship Services**

The Opposition also provides no evidence supporting its assertion that H2O Now USA provided worship services.  Rather, as stated in H2O Now USA's Articles of Incorporation, "The specific purpose of this corporation is to create an association of former INC members whose purpose

is to provide financial, legal and general assistance to those indigent individuals and groups who are currently victims of religious and/or political oppression and persecution worldwide."  Doc. 125-1, ¶ 4 and Exh.

### C.     H2O Now USA, Dizon, and Cayabyab Did Not Infringe INC's Copyrights

As explained below, the Opposition's assertion that "Defendants H2O, Dizon, and Cayabyab utilized Plaintiff's copyrighted hymns in their worship services, and then infringed Plaintiff's copyrighted hymns by broadcasting such worship services over the internet" (Doc. 126, pp. 5:26-6:1) is false.  Notably, the Opposition does not identify which, if any, of its hymns are alleged to have been utilized by Defendants.

In fact, H20 Now USA and Cayabyab deny using any of INC's copyrighted hymns.  Doc. 125-1, ¶ 6.  Dizon admittedly "performed certain of INC's hymns, but never otherwise used INC's hymns."  Doc. 125-4, ¶ 4.  In particular, Dizon "never copied, distributed or published the lyrics of INC's hymns." 125-4, ¶ 4.

Further, and more importantly, the Opposition does not provide any evidence that H2O Now USA, Dizon, and Cayabyab broadcast INC's hymns over the internet.  The unauthenticated screenshots attached as Exhibit H to the Declaration of Nicole M. Goss do not demonstrate that H2O Now USA, Cayabyab and Dizon was responsible for the publication of INC's hymns online.  To the contrary, the Declaration of Julie S. Sales[3] states:

> The person who formed the incdefenders.org website was Bernard Garcia who was, and currently is, an IT specialist.  After the establishment and formation of the said website [sic], INC Defenders group also established online meetings and gatherings which are/were accessible worldwide by subscribers by logging into the Xoom account provided through INC Defendants Facebook account. … INC Defenders also launched the INC Defenders Media where they post in the INC Defendants Media's Facebook and Youtube [sic] accounts the online gatherings/meetings so that it will be accessible all over, not only California, but the world."

Doc. 126-1, p. 72, ¶¶ 5, 6, p. 74, ¶ 12.  Thus, the evidence submitted by INC establishes that it was Defendant Bernard Garcia that published the hymns online, and not H2O Now USA, Dizon, or Cayabyab.

---

[3] The Declaration of Julie M. Sales is one of few Declarations that is properly verified under penalty of perjury as required by 28 U.S.C. § 1746, and Defendants do not object to its admissibility.

**D.      Defendants Did Not Infringe INC's Trademarks**

The Opposition treats the Defendants as a single monolithic entity in claiming that "Defendants have utilized the Seal Mark, the Flag Mark, and the Executive Seal Mark (collectively, 'Plaintiff's marks') on YouTube channels, websites, blogs, and Facebook pages that are owned and controlled by Defendants."  Doc. 126, p. 7:8-10.  As discussed above, the subject websites were formed by Bernard Garcia (Doc. 126-1, p. 72, ¶¶ 5, 6, p. 74, ¶ 12), and INC has not provided any evidence refuting any of the Defendants' Declarations that they did not create, maintain, or operate the subject websites, or author any of the blogs or media content thereon. Docs. 125-1, ¶ 5; 125-2, ¶ 6; 125-3 ¶ 3; 125-4, ¶ 3; 125-5, ¶ 3; 125-6, ¶ 3; 125-7, ¶ 4.

INC has also not provided any admissible evidence refuting the Defendants' Declarations that they have not represented any affiliation with INC subsequent to their expulsions.  Docs. 125-1, ¶ 8; 125-2, ¶ 9; 125-3, ¶ 6; 125-4, ¶ 9; 125-5, ¶ 6; 125-6, ¶ 6; 125-7, ¶ 7. Indeed, Defendants Cayabyab and Kuizon publicly stated that they were "former INC members" in the Articles of Incorporation filed by H2O Now USA on January 24, 2016.  Doc. 125-1, Exh.

Finally, INC has not submitting any countervailing evidence to Defendants' unequivocal testimonies that they have not used INC's Seal, Flag or Executive Seal.  Docs. Nos. 125-1, ¶ 7; 125-2, ¶ 8; 125-3, ¶ 5; 125-4, ¶ 5; 125-5, ¶ 5; 125-6 ¶ 5; 125-7, ¶ 6.  Even if the Court were to consider the unauthenticated documents attached as Exhibit G to the Declaration of Nicole M. Goss, which it should not, they are of no assistance to INC.  The documents do not contain any reference to Defendants De La Uso, Ramos, Kuizon or Villanueva.  The documents also do not show that Cayabyab, Dizon, or Mora published any of INC's Marks, and the document bates-stamped INC 756, actually states that the posts and articles were published by Antonio Ramirez Ebangelista.  Doc. 126-3, p. 70.

**IV.      ARGUMENT**

**A.      Cayabyab, Dizon, and H2O Now USA Are Entitled to Summary Judgment on Plaintiff's Copyright Infringement Claim**

"Plaintiff's claim for copyright infringement is founded upon Defendants H2O, Cayabyab, and Dizon's online publication of Plaintiff's copyrighted hymns."  Doc. 126, p. 10:9-10.

The copyright infringement claim is subject to dismissal because Plaintiff's Second Amended

Complaint and Opposition do not identify any of the copyrighted hymns that were allegedly infringed.  *See, e.g., Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1139 (S.D. Cal. 2005) (copyright infringement claim defective as "[t]he Complaint does not identify exactly which works Defendants infringed …"); *Cutler v. Enzymes, Inc*., 2009 U.S. Dist. LEXIS 17942, at *8 (N.D. Cal. Feb. 23, 2009) (granting motion to dismiss copyright infringement claim as plaintiff did not specify which of its three copyrighted works was infringed); *Salt Optics, Inc. v. Jand, Inc.,* 2010 U.S. Dist. LEXIS 131388, *18 (C.D. Cal. Nov. 19, 2010) (dismissing copyright infringement claim because "Plaintiff makes no attempt to identify which portions of the website or catalog it accuses Defendants of infringing.").

INC's copyright infringement claim also fails because it does not provide any admissible evidence supporting its assertion that "Defendants H2O, Cayabyab, and Dizon are liable for infringement of Plaintiff's copyrighted hymns."  Doc. 126, p. 9:24-25.  INC's Opposition appropriately concedes that "the performance of a copyrighted hymn at a religious service cannot be deemed an infringement of copyright", but maintains that there is liability for copyright infringement based on its unfounded assertion that "Defendants H2O, Cayabyab, and Dizon posted videos of their performances of Plaintiff's copyrighted hymns and displays of the lyrics to Plaintiff's copyrighted hymns to various websites and webpages owned and operated by Defendants."  Doc. 126, p. 10, 5-6, 11-13. The movant Defendants have unequivocally testified that they did not publish any of the copyrighted hymns, however, and the evidence submitted by INC demonstrates that the hymns were posted online by Bernard Garcia.  Thus, as a matter of law, H2O Now USA, Cayabyab, and Dizon are not liable for copyright infringement.

**B.** **Defendants Are Entitled to Summary Judgment on the Federal Trademark Infringement Claim**

To prevail on its trademark infringement claim, INC must prove that the Defendants used the Marks at issue in commerce and in connection with the sale, distribution, or advertising of goods or services in connection with which such use "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114.  Again, there is no admissible evidence that any of the Defendants' used Plaintiff's Marks.

1      Even if the Court considers the unauthenticated documents purporting to show Cayabyab's,

2   Dizon's, and Mora's use of the Marks, application of the *Sleekcraft* factors[4] would nonetheless

3   warrant a grant of summary judgment for these Defendants as INC has failed to raise a genuine issue

4   of material fact showing a likelihood of confusion.  *See, e.g., Cohn v. Petsmart, Inc.,* 281 F.3d 837,

5   842 (9th Cir. 2002) (affirming grant of summary judgment where plaintiff's "evidence fail[ed] to

6   create a genuine issue that confusion is probable, not simply a possibility") (internal quotation

7   omitted); *Surfvivor Media, Inc. v. Survivor Productions,* 406 F.3d 625, 634 (9th Cir. 2005) ("The

8   distribution of the *Sleekcraft* factors does not raise a material issue of fact regarding likelihood of

9   confusion."); *Applied Information Sciences Corp. v. eBAY, Inc.,* 511 F.3d 966, 969 (9th Cir. 2007)

10   (affirming grant of summary judgment where plaintiff "failed to produce any admissible evidence

11   tending to show a likelihood of confusion").  First, INC has not provided any evidence showing that

12   any of its Marks have high public recognition. Second, INC has not provided any evidence that Mora

13   provided any religious services, nor that the worship services conducted by Cayabyab and Dizon after

14   their expulsion from INC were similar to an INC religious service as to the size, venue, or location.

15   Third, the Opposition does not offer any evidence that any of the Defendants used the Marks, let

16   alone versions of the Marks that were similar to Plaintiff's Marks. Fourth, the religious ceremonies

17   identified in the Opposition as evidencing actual customer confusion were conducted by persons

18   other than Cayabyab, Dizon, and Mora.  *See, e.g.,* Doc. 126-1, p. 48, ¶ 5 ("Jeriel Nemis conducted the

19   prayer meeting …"); p. 52, ¶ 5 ("I did not recognize the one who led this particular 'worship

20   service.'"); p. 57, ¶ 14 (referring to "worship services" conducted by Liezel Deocampo). Fifth, the

21   Opposition does not provide any admissible evidence that either Plaintiff or Defendants "utilize the

22   Internet to market their goods and services to the public." Doc. 126, p. 14:19-24. Sixth, the anecdotal

23   statements that are offered as "direct evidence that donors do not exercise a great deal of care in

---

24   [4] As this Court knows, "the Ninth Circuit considers the following eight factors, known as the

25   *Sleekcraft* factors, to assess whether likelihood of confusions exists: (1) the strength of the plaintiff's
    mark; (2) the proximity of the parties' goods; (3) the similarity of the parties' marks; (4) evidence of

26   actual confusion; (5) the marketing channels used; (6) the type of goods or services and the degree of
    care likely to be exercised by purchases; (7) defendant's intent in selecting the mark; (8) likelihood of

27   expansion of the parties' product line." *Bridgestone Brands, LLC v. Dastgah*, 2016 U.S. Dist. LEXIS
    35557, at *7 (N.D. Cal. Mar. 18, 2016) (*citing AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49

28   (9th Cir. 1979).

making their donations to Plaintiff or to Defendant H2O" do not evidence that Defendants solicited any donations.  Doc. 126-1, p. 52, ¶ 7 ($20.00 donation made to help the children of the late Executive Minister of the Church during "worship services" led by unidentified person); p. 69, ¶¶ 5-10 (discussing donations solicited by Estela Gagcuas). Seventh, the Opposition offers only conjecture that "Defendants' intent in using Plaintiff's Marks was to trade off of Plaintiff's name and goodwill" (Opp. p. 15:21-22) and fails to reconcile said conjecture with its allegations that "Defendants are intentionally disparaging the reputation and goodwill of INC …" Doc. 1, p. 21, ¶ 85. Eighth, and finally, INC offers to argument or evidence that there is any likelihood of expansion of the parties' product lines, nor is there any.

## C.    Defendants Are Entitled to Summary Adjudication on the False Designation of Origin Claim

The parties and the Court are in agreement that "[t]he elements of a claim for false designation of origination under § 1125 are virtually the same as the elements of a claim for trademark infringement under § 1114 …" Doc. 110, p: 17:19-20; Doc. 126-1, p. 16:19 ("the test for false designation of origination is the same as that for federal trademark infringement …").  Thus, because Plaintiff has failed to submit any admissible evidence that any Defendants used its Marks or any likelihood of confusion, its claim for false designation of origin necessarily fails.

## D.    Defendants Are Entitled to Summary Adjudication on Count IV for Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 et seq. and Count V for Unfair Competition Under California Common Law

"This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-1263 (9th Cir. 1994) (collecting cases).  Thus, Plaintiff's state law unfair competition claims must be dismissed if the related Lanham Act claims are dismissed. *See Japan Telecom, Inc. v. Japan Telecom America Inc.*, 287 F.3d 866, 875 (9th Cir. 2002) (plaintiff's "California unfair competition claim fails because its related Lanham Act claims fail"); *Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-1153 (9th Cir. 1996) (dismissal of plaintiff's § 17200 claim was proper since plaintiff's Lanham Act

1  claim was properly dismissed).

2  **V.**    **CONCLUSION**

3         Defendants are entitled to summary judgment in this action as they did not infringe any of

4  Plaintiff's copyrights or trademarks.

5

6  Dated:  February 10, 2020                LAW OFFICES OF SETH W. WIENER

7

8                                           By: _____
                                            Seth W. Wiener

9                                           Attorneys for Defendants
                                            LUISITO E. CAYABYAB, ROLANDO DIZON, JR.,
10                                          LIONEL ROQUE DELA USO, ALLAN MONTE DE
                                            RAMOS, JESLE LLABAN KUIZON, LIEZL DIAZ-
11                                          DEOCAMPO, EDWIN LIONEL R. MORA, ALLAN
                                            VILLANUEVA, H2O NOW USA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, I caused a true and correct copy of the foregoing to be served via the United States District Court's CM/EFC system, which will provide a copy to all counsel of record registered to receive CM/ECF notifications.

By:  _____
Seth W. Wiener