**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IGLESIA NI CRISTO,<br><br>   Plaintiff,<br><br>v.<br><br>LUISITO E CAYABYAB, et al.,<br><br>   Defendants. | Case No. 18-cv-00561-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54**<br><br>[Re: ECF 146] |

Plaintiff Iglesia Ni Cristo ("INC") seeks reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("MSJ Order"). In the alternative, INC moves for entry of final judgment on certain claims adjudicated by the MSJ Order. Briefing on INC's motion was completed on May 29, 2020. The motion was taken under submission without oral argument. *See* ECF 145.

The motion is DENIED for the reasons discussed below.

**I.    MOTION FOR RECONSIDERATION**

INC seeks reconsideration of four aspects of the MSJ Order. First, INC asserts that the Court should have deferred ruling on Defendants' motion for summary judgment and granted INC time to take additional discovery. Second, INC argues that the Court erred in sustaining Defendants' evidentiary objections to screenshots of Internet content that INC submitted as Exhibits G and H to the Declaration of Nicole M. Goss. Third, INC contends that the Court erred in granting summary judgment for Defendants on its copyright claims. Fourth, INC asserts that the Court erred in granting summary judgment on the trademark claims asserted against Defendants Ramos, Kuizon, and Mora.

### A.     Legal Standard

INC brings its motion for reconsideration under Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  In this district, a Rule 54(b) motion for reconsideration must satisfy additional requirements, set forth in Civil Local Rule 7-9(b).  Specifically, reconsideration may be sought only if one of the following circumstances exists:  (1) a material difference in fact or law from that presented to the Court prior to issuance of the order that is the subject of the motion for reconsideration; (2) new material facts or a change of law occurring after issuance of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before issuance of such order.  Civ. L.R. 7-9(b).

### B.     Discussion

INC does not specify under which subsection of Civil Local Rule 7-9(b) its motion is brought.  INC submits more than 200 pages of evidence with its motion brief and more than 400 pages of evidence with its reply brief, suggesting that INC may be asserting that reconsideration is warranted based on different or new material facts under Rule 7-9(b)(1) or (b)(2).  INC also argues that the Court's MSJ Order contains several errors, suggesting that INC may be asserting that reconsideration is warranted based on a manifest failure by the Court to consider material facts or dispositive legal arguments under Rule 7-9(b)(3).  The Court concludes that INC has failed to establish grounds for reconsideration under any of the applicable subsections of Rule 7-9(b).

#### 1.     Decision not to Defer Ruling

INC argues that the Court erred in declining to defer ruling on the summary judgment motion until INC could take additional discovery.  Federal Rule of Civil Procedure 56(d) provides a mechanism by which the nonmoving party may request additional time to take discovery necessary to oppose a motion for summary judgment.  *See* Fed. R. Civ. P. 56(d).  The nonmoving party must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  *Id.*  As discussed in the MSJ Order,  INC neither filed a formal

2

motion for continuance under Rule 56(d) nor made an oral request for a continuance at the summary judgment hearing. *See* MSJ Order at 10-12, ECF 135.

The Court nonetheless considered the propriety of granting a continuance in light of references to ongoing discovery made by INC's counsel at the summary judgment hearing. *See id*. The Court determined that INC had not filed an affidavit or declaration showing that it could not oppose the summary judgment motion absent a continuance, proffered facts showing that ongoing discovery is likely to produce evidence that would prevent summary judgment, or demonstrated diligence in pursuing discovery in the past. *See id.* Under those circumstances, the Court in the exercise of its discretion concluded that no continuance was warranted. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001) (district court's refusal to permit further discovery before ruling on summary judgment reviewed for abuse of discretion).

INC argues that the Court's ruling was in error, pointing to language in Federal Rule of Civil Procedure 56(e) providing that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court *may*: (1) give an opportunity to properly support or address the fact . . . ." Fed. R. Civ. P. 56(e) (emphasis added). Rule 56(e) also provides that under the circumstances described, the court may consider the fact undisputed, grant summary judgment, or issue any other appropriate order. *Id.* INC's position appears to be that the Court was required to exercise its discretion under Rule 56(e) to give INC an opportunity to oppose Defendants' summary judgment motion by granting a continuance that INC never requested, instead of granting summary judgment as also permitted under the rule. None of the authorities cited by INC support this position.

As an initial matter, INC's assertion that it needed additional time for discovery is based on evidence that could have been, but was not, presented to the Court prior to issuance of the MSJ Order. INC now submits evidence that the parties focused exclusively on litigating Defendants' anti-SLAPP motions and Rule 12(b)(6) motions until the pleadings were settled in September 2019, when the operative second amended complaint ("SAC") was filed and answered. *See* Pl.'s Mot. for Recon. at 2-3 and evidence cited therein, ECF 146. In particular, INC asserts that Magistrate Judge van Keulen's discovery rulings effectively limited INC to discovery on pleading

3

issues. *See id.* at 2. INC contends that "[g]iven the timeline of the litigation to date, Plaintiff has not had sufficient time to conduct adequate discovery needed to oppose Defendants' MSJ." *Id.* at 3. Defendants dispute INC's characterization of of the case timeline, stating that there was no outstanding discovery or discovery dispute at the time of the hearing on the summary judgment motion. *See* Defs.' Opp. at 2, ECF 147. However, even accepting INC's characterization as true, all of INC's evidence regarding discovery constraints impose by Judge van Keulen could have been presented to the Court prior to the summary judgment hearing. "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotation marks and citation omitted); *see also* Civ. L.R. 7-9(b)(1) (A party seeking reconsideration based on facts materially different from those presented to the court "must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order."). Because INC's arguments and evidence based on the discovery timeline could have been presented to the Court prior to the summary judgment hearing, they do not provide a basis for reconsideration of the Court's decision not to grant a continuance.

INC ignores its own failure to move for a continuance or to present relevant evidence to the Court, citing Federal Circuit authority for the general proposition that "[t]he Supreme Court has made clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery." *Dunkin' Donuts of Am., Inc. v. Metallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed. Cir. 1988). In *Dunkin Donuts*, the Federal Circuit held that the United States Patent and Trademark Office Trademark Trial and Appeal Board erred in granting summary judgment for a trademark applicant where the party opposing registration had not been granted an opportunity to take discovery regarding the applicant's intent. *See id*. The nonmoving party in *Dunkin' Donuts* had sought additional time for discovery under Federal Rule of Civil Procedure 56(f) – now recodified as Rule 56(d)[1] – and submitted an affidavit stating that it could not present

---

[1] "Federal Rule of Civil Procedure 56(d) was, until December 1, 2010, codified as Federal Rule of Civil Procedure 56(f)." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 676 (9th Cir. 2018).

4

sufficient facts to prove its case without discovery. *See id.* The Federal Circuit concluded that evidence of the applicant's intent was pertinent and thus that the requested continuance should have been granted. *See id.* Unlike the appellant in *Dunkin' Donuts*, INC did *not* file a Rule 56(d) motion or submit an affidavit showing it needed discovery to oppose summary judgment. Accordingly, *Dunkin' Donuts* does not support INC's position here.

INC points to the Ninth Circuit's statement in *TMJ Inc., v. Nippon Tr. Bank*, 16 F. App'x 795, 797 (9th Cir. 2001), that "[f]ailure formally to move under Rule 56(f), however, is not fatal to a party's argument that summary judgment was premature." In *TMJ*, the district court denied the nonmoving party's request for a continuance under Rule 56(f) because the request was not presented in a separate motion. *TMJ*, 16 F. App'x at 797. The Ninth Circuit found the denial to be an abuse of discretion because the nonmoving party "adequately complied with the requirements of Rule 56(f)" when it "expressly invoked Rule 56(f) in its memorandum in opposition to summary judgment and attached a detailed sworn declaration from counsel explaining the need for additional time and setting forth particular facts expected to be obtained from Mr. Ishimura that would demonstrate genuine issues of material fact with respect to all claims." *Id.* INC neither expressly invoked Rule 56(f) – now recodified as Rule 56(d) – nor submitted a sworn declaration explaining what discovery was necessary to oppose summary judgment. *TMJ* thus offers INC no support for its reconsideration motion.

INC also relies on *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986), in which the nonmoving party argued on appeal that the district court should have allowed further discovery before ruling on summary judgment. Observing that the appellant had never formally moved for a continuance to take further discovery, the Ninth Circuit held that "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." *Brae*, 790 F.2d at 1443. The Ninth Circuit emphasized that "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery," and stated unequivocally that "[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Id. Brae* therefore supports Defendants' position that no reconsideration is warranted, not INC's position.

In *Garrett v. City & Cty. of San Francisco*, 818 F.2d 1515 (9th Cir. 1987), the district court ignored a pending motion to compel discovery that was timely made by the nonmoving party and set for hearing before the discovery cut-off date. The district court simply granted summary judgment and terminated the motion to compel as moot. *See Garrett*, 818 F.2d at 1519. The Ninth Circuit held that the motion to compel satisfied the requirements of Rule 56(f) and that "[i]n denying the discovery motion as 'moot' after having first granted defendants' summary judgment motion, the district court failed to exercise its discretion with respect to the discovery motion." *Id.* INC has not identified a motion to compel discovery that was pending at the time of the summary judgment hearing, or demonstrated that this Court was alerted to such a motion. In their opposition to the motion for reconsideration, Defendants assert that "there was no outstanding discovery or discovery disputes at the time of the hearing on the Motion for Summary Judgment." Defs.' Opp. at 2, ECF 147. INC does not refute that assertion in its reply. *Garrett*, like the other cases cited by INC, offers no basis for reconsideration.

INC string-cites numerous other cases on the discovery issue, many of them from other jurisdictions. None of the authorities from the United States Supreme Court or the Ninth Circuit suggest that it is error for a district court to proceed to summary judgment where the nonmoving party has neither sought a continuance under Rule 56 nor submitted an affidavit setting forth what particular discovery is necessary to oppose summary judgment. For example, while INC relies heavily on the Supreme Court's interpretation of Rule 56(f) to mean summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition," *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986), *Anderson* did not address a nonmoving party's failure to seek a continuance under Rule 56(f). In fact, in *Anderson* the Supreme Court "assume[d] that both parties have had ample opportunity for discovery." *Id.* In *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), the Ninth Circuit held that limits on discovery imposed by California's Anti-SLAPP statute do not apply in federal court. The Ninth Circuit's analysis did not implicate the issue presented by INC's motion for reconsideration, that is, whether a district court errs by proceeding to summary judgment where the nonmoving party has not sought a continuance under Rule 56. In *Foster v. Arcata*

6

*Assocs., Inc.*, 772 F.2d 1453, 1467 (9th Cir. 1985), *overruled on other grounds by Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262 (9th Cir. 1991), the Ninth Circuit's ruling was directly contrary to the position INC asserts here: "In the absence of such a motion, there is no abuse of discretion in proceeding to summary judgment."

For these reasons, INC's motion for reconsideration of the decision not to defer ruling on the summary judgment motion is DENIED.

### 2. Ruling on Evidentiary Objections

INC next argues that the Court erred in sustaining Defendants' evidentiary objections to Exhibits G and H to the Declaration of Nicole M. Goss, comprising screen shots of Internet content. The Court determined that Ms. Goss had not provided any information as to who took the screenshots, or when, and that as a result the screenshots were not properly authenticated and could not be considered on summary judgment. *See* MSJ Order at 6-8, ECF 146. In making that determination, the Court relied on Federal Rule of Evidence 901 and cases interpreting that rule. *See id.*

INC asserts that the screenshots were authenticated by judicial admissions contained in the answer to the SAC filed by Cayabyab and Dizon ("the Answer"). Evidence may be authenticated by judicial admission. *See Sublime v. Sublime Remembered*, No. CV 06-6059 CAS FMOX, 2013 WL 3863960, at *4 (C.D. Cal. July 22, 2013) ("Defendant has admitted that the other two performances actually occurred, and these admissions are sufficient to authenticate the videos."). However, the Goss Declaration made no reference to the Answer, stating only that the screenshots were produced in discovery by INC. *See* Goss Decl. ¶¶ 9-10, ECF 126. As explained in the MSJ Order, a party may not authenticate evidence simply by producing it in discovery. *See* MSJ Order at 8, ECF 135. To the extent INC contends the asserted judicial admissions in the Answer constitute facts different from those presented to the Court, warranting reconsideration under Rule 7-9(b)(1), INC has not shown that in the exercise of reasonable diligence it could not have raised the asserted admissions to authenticate Exhibits G and H prior to issuance of the MSJ Order. The asserted judicial admissions are not new facts within the scope of Rule 7-9(b)(2), as they are contained in the Answer filed on September 27, 2019. *See* Answer, ECF 113. And, because the asserted judicial admissions were not

7

brought to the Court's attention previously, there was no "manifest failure" to consider them, as required under Rule 7-9(b)(3).

The Court notes that even if the Answer had been referenced in the Goss Declaration, the Answer does not authenticate the screenshots. INC points to general admissions in the Answer, for example "that modern technology has been used in religious meetings that they have attended or been involved in after their expulsion from INC." Answer ¶ 37, ECF 113. Those general admissions, contained in the Answer filed in September 2019, are not sufficient to authenticate the specific screenshots submitted as Exhibits G and H to the Goss Declaration in February 2020.

INC relies on *Barefield v. Bd. of Trustees of CA State Univ., Bakersfield*, 500 F. Supp. 2d 1244 (E.D. Cal. 2007), to argue that even if Exhibits G and H are not admissible, the Court should have considered the "substance" of those documents based on statements in the opposition brief. INC's reliance on *Barefield* is misplaced. In that case, the district court excluded numerous exhibits for lack of authentication. *See id.* at 1258. The district court noted that "although these exhibits themselves are not admissible, evidence proffered by Plaintiff reflecting the substance of these documents may be admissible." *Id*. Nothing in *Barefield* suggests that the district court's statement regarding the admissibility of other evidence regarding the substance of exhibits extends to attorney argument contained in an opposition brief.

Finally, INC argues that the screenshots have been authenticated, referring to a new declaration of Nicole M. Goss submitted with the motion for reconsideration ("Goss Recon Declaration"). *See* Goss Recon Declaration, ECF 146-1. In the Goss Recon Declaration, Ms. Goss avers for the first time that she took the screenshots. Goss Recon Declaration ¶ 8, ECF 146-1. Ms. Goss's belated averment is not an appropriate basis for reconsideration where it was wholly within INC's control to properly authenticate the screenshots when they initially were filed in opposition to summary judgment. As noted above, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d 873, 880 (9th Cir. 2009) (quotation marks and citation omitted); *see also* Civ. L.R. 7-9(b)(1) (A party seeking reconsideration based on facts materially different from those presented to the court "must show

that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.").

INC's motion for reconsideration of the Court's exclusion of Exhibits G and H to the Declaration of Nicole M. Goss is DENIED.

### 3. Dismissal of Copyright Claims

INC contends that the Court erred in granting summary judgment on Claim 2, asserting that Defendants Cayabyab, Dizon, and H2O infringed INC's copyrights in a number of hymns. The Court found that Defendants' initial burden on summary judgment was satisfied by their declarations stating that Cayabyab and H2O never used the copyrighted hymns and Dizon performed the hymns only during worship services, as permitted under an exemption to the Copyright Act. *See* MSJ Order at 18, ECF 135. The burden thus shifted to INC to come forward with evidence that Cayabyab, Dizon, and H2O used its hymns in an infringing manner. *See id.* The Court held that the evidence submitted by INC was insufficient to meet its burden. *See id.* at 19. Specifically, the Court found that the screenshots submitted as Exhibit H to the Goss Declaration were inadmissible, and that the declarations submitted as Exhibit D to the Goss Declaration failed to establish that Defendants used the hymns in an infringing manner. *See id.*

INC argues that its evidence in opposition to the summary judgment motion showed that Cayabyab, H2O, and Dizon all used the copyrighted hymns and that the Court "failed to consider legal authority" that the religious exemption to the Copyright Act does not apply because videos of Defendants' performances of the copyrighted hymns along with displays of the hymns' lyrics were posted to the Internet. The Court understands INC to be arguing that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" under Rule 7-9(b)(3). This argument is without merit. The Court's MSJ Order specifically acknowledged that posting videos displaying the hymns' lyrics would fall outside the scope of the religious exemption to the Copyright Act, but it concluded that INC had failed to submit admissible evidence showing that Defendants Cayabyab, H2O, or Dizon posted such videos. *See* MSJ Order at 19. The Court thus considered INC's evidence and legal arguments, but ruled against INC. That INC disagrees with the Court's ruling does not constitute a basis for reconsideration.

INC's motion for reconsideration of the Court's grant of summary judgment on Claim 2 is DENIED.

### 4. Dismissal of Trademark Claims

Finally, INC asserts that the Court erred in granting summary judgment on the trademark claims asserted against Defendants Ramos, Kuizon, and Mora. Specifically, INC argues that evidence submitted in opposition to the summary judgment motion establish that there are genuine disputes of fact as to whether Ramos, Kuizon, and Mora used INC's trademarks. The Court understands INC to be arguing that there was a "manifest failure by the Court to consider material facts" under Rule 7-9(b)(3). This argument is without merit. INC points to the declarations that were submitted as Exhibit D to the Goss Declaration, and the screenshots that were submitted as Exhibit G to the Goss Declaration. The Court specifically discussed this evidence in its MSJ Order, excluding the screenshots and finding that the declarations failed to show use by Ramos, Kuizon, or Mora. *See* MSJ Order at 6-8, 17-18. That INC disagrees with the Court's ruling does not constitute a basis for reconsideration.

INC's motion for reconsideration of the Court's grant of summary judgment on the trademark claims asserted against Defendants Ramos, Kuizon, and Mora is DENIED.

## II. MOTION FOR ENTRY OF FINAL JUDGMENT

In the alternative to its motion for reconsideration, INC seeks entry of final judgment as to the grant of summary judgment for Defendants De La Uso, Ramos, Kuizon, Mora, and Villanueva on all claims, and the grant of summary judgment for Defendants Caybyab, Dizon, and H2O on the copyright claim. Defendants do not oppose entry of final judgment as to De La Uso, Ramos, Kuizon, Mora, and Villanueva, but they assert that entry of final judgment as to Caybyab, Dizon, and H2O would be improper.

### A. Legal Standard

The motion for entry of final judgment is governed by Federal Rule of Civil Procedure 54(b), which provides as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court

> may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Consideration of a Rule 54(b) motion involves a two-step process. First, the district court must "determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id*. (quotation marks and citation omitted).

Second, "the district court must go on to determine whether there is any just reason for delay." *Id*. at 8. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id*. The district court "must take into account judicial administrative interests as well as the equities involved," which is "necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id*. (quotation marks and citation omitted). The district court may consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.

**B.     Discussion**

At the first step of the analysis, the Court concludes that the MSJ Order satisfies the "final judgment" requirement as to all claims adjudicated therein. The MSJ Order disposed of all claims against Defendants De La Uso, Ramos, Kuizon, Mora, and Villanueva, and disposed of the copyright claim against Defendants Caybyab, Dizon, and H2O. Defendants do not dispute that the first step of the Rule 54(b) framework is satisfied.

INC's motion therefore turns on the second step of the analysis, which requires the Court

11

to determine whether there is any just reason for delay in entry of final judgment. The Court finds that there are just reasons for delay in this case. There is significant overlap between the trademark claims adjudicated in favor of De La Uso, Ramos, Kuizon, Mora, and Villanueva, as to which INC wishes to file an immediate appeal, and the trademark claims that remain pending against Caybyab, Dizon, and H2O. INC relied on the same theories of liability and the same collection of declarations and screenshots to oppose the summary judgment motion. Entering final judgment on the adjudicated trademark claims now could well give rise to piecemeal appeals involving the same issues and evidence. The Ninth Circuit has indicated that entry of a Rule 54(b) judgment may be inappropriate when such judgment may "give rise to successive appeals that would turn largely on identical, and interrelated, facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 630 (9th Cir. 2015).

Piecemeal appeals also are likely to result if final judgment is entered on the copyright claim adjudicated in favor of Caybyab, Dizon, and H2O, because INC's trademark claims against those defendants are not yet resolved. The Ninth Circuit has recognized the complications that result from entry of a Rule 54(b) judgment when the same party is simultaneously an appellant and a litigant below. *See Jewel*, 810 F.3d at 630; *see also Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 44 (1st Cir. 1988) ("It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below.").

While INC has expressed a wish to file an immediate appeal of the MSJ Order, that wish does not outweigh the judicial administrative interests in avoiding piecemeal appeals. INC's alternative motion for entry of final judgment pursuant to Rule 54(b) is DENIED.

**III. ORDER**

INC's Motion for Reconsideration or, in the Alternative, for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) is DENIED.

This order terminates ECF 146.

Dated: July 8, 2020

BETH LABSON FREEMAN
United States District Judge