UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IGLESIA NI CRISTO,<br><br>    Plaintiff,<br><br>    v.<br><br>LUISITO E CAYABYAB, et al.,<br><br>    Defendants. | Case No. 18-cv-00561-BLF<br><br>**ORDER GRANTING DEFENDANT BERNARD GARCIA'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>[Re: ECF 149] |

Defendant Bernard Garcia ("Garcia"), who is proceeding *pro se*, moves to set aside the Clerk's entry of default against him. *See* Def.'s Mot., ECF 149. The motion is fully briefed and the Court has taken it under submission without oral argument. *See* Pl.'s Opp., ECF 150; Def.'s Reply, ECF 152; Order Vacating Hearing, ECF 154. The motion is GRANTED for the reasons discussed below.

**I.    BACKGROUND**

Plaintiff Iglesia Ni Cristo ("INC"), a non-profit religious corporation, filed this action on January 25, 2018. *See* Compl., ECF 1. INC claims that a number of its former ministers, officers, and members ("Individual Defendants") and the non-profit religious corporation they formed, Defendant H2O Now USA ("H2O"), hold themselves out as affiliated with INC by using INC's name, trademarks, and copyrighted hymns. *See id.* After two rounds of motion practice, the operative second amended complaint ("SAC") was filed on September 13, 2019. *See* SAC, ECF 111. On March 31, 2020, the Court granted in part and denied in part a motion for summary judgment filed on behalf of H20 and eight Individual Defendants. *See* MSJ Order, ECF 135.

On March 23, 2020, shortly before the Court issued its summary judgment ruling, INC

1  filed a proof of service indicating that Defendant Garcia was served with process on March 19,
2  2020. *See* Certificate of Service, ECF 134. INC thereafter filed a motion for entry of default by
3  the Clerk. *See* Motion for Entry of Default, ECF 138. The Clerk entered default as to Garcia on
4  April 15, 2020. *See* Clerk's Entry of Default, ECF 140. On June 5, 2020, Garcia filed the present
5  motion to set aside the Clerk's entry of default. *See* Def.'s Motion, ECF 149.

## II. LEGAL STANDARD

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotation marks, citation, and alterations omitted). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. (quotation marks and citation omitted).

## III. DISCUSSION

Applying the test set forth above, the Court concludes that Garcia has shown good cause to set aside the Clerk's entry of default.

### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (quotation marks and citation omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id*. (quotation marks and citation omitted). The Ninth Circuit has

2

"typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. (quotation marks, citation, and parentheses omitted).

Garcia submits a declaration stating that when he was served with process on March 19, 2020, he was in the early stages of home quarantine due to the COVID-19 pandemic. Garcia Decl. ¶¶ 3-4, ECF 149-1. He tried contacting several law firms in his home state of New Jersey and in the forum state of California, but many firms had full voice mail boxes and he had difficulty finding representation. Garcia Decl. ¶ 4. In the midst of Garcia's search for counsel, he received notice of the Clerk's entry of default against him. *Id*. He was not sure what that meant. *Id*. Eventually, Garcia was contacted by a lawyer who offered him guidance on how to respond to the Clerk's entry of default. *Id*. Garcia has limited financial resources and cannot afford to hire a lawyer to represent him. *Id*.

Garcia's declaration establishes that he did not "intentionally" fail to answer the complaint. Rather, it appears that Garcia felt that he was unable to respond given his lack of knowledge regarding the law and his inability to find a lawyer who would speak to him. There is no indication that Garcia acted with bad faith. Accordingly, the Court finds that Garcia has shown that his conduct was not "culpable."

In opposition to Garcia's motion, INC asserts that Garcia first was served with process on July 23, 2018, and that he "wholly failed to respond" for two years. *See* Pl.'s Opp. at 2, ECF 150. In support of this assertion, INC submits the declaration of its counsel, Nicole Goss, stating that Garcia first was served in July *2019* rather than July 2018 – presumably a typographical error – and attaching a proof of service indicating that the summons and complaint were served on Garcia in July 2018. *See* Goss Decl. ¶ 3 and Exh. A, ECF 150-1. The proof of service showing service of process in July 2018 was not filed on the Court's docket. INC's motion for a Clerk's entry of default was based expressly on the proof of service showing service of process on March 19, 2020. *See* Goss Decl. in Support of Motion for Clerk's Entry at ¶ 5, ECF 138. Consequently, the relevance the earlier service of process to the present motion is unclear. Moreover, in his reply, Garcia explains that although a packet of documents including a summons was left at his New

1  York place of work sometime in 2018, he did not know what to do in response.  *See* Reply at 2,
2  ECF 152.  Garcia states that shortly thereafter, he saw social media posts stating that this case had
3  been dismissed.  *See id.*  He says he thought the case was over.  *See id.*
4        The Court finds that Garcia has established that he did not engage in culpable conduct that
5  led to the Clerk's entry of default.  Based on his *pro se* status and his explanations for his actions,
6  the Court determines that Garcia's failure to file a response was the result of confusion rather than
7  bad faith.

        **B.**      **Meritorious Defense**

9        "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient
10 facts that, if true, would constitute a defense."  *Mesle*, 615 F.3d at 1094.  "[T]he question whether
11 the factual allegation [i]s true is not to be determined by the court when it decides the motion to
12 set aside the default."  *Id*. (quotation marks and citation omitted).  "Rather, that question would be
13 the subject of the later litigation."  *Id*. (quotation marks and citation omitted).  The burden of
14 making this showing is of a "minimal nature."  *Id*.
15       Garcia asserts that he has four potentially meritorious defenses.  First, he states that he
16 intends to file motions to dismiss for insufficient process and insufficient service of process, under
17 Federal Rules of Civil Procedure 12(b)(4) and (b)(5) respectively, based on INC's service of
18 process more than two years after the original complaint was filed.  Garcia does not dispute that he
19 was served with process on March 19, 2020, nor does he cite authority that a delay in effective
20 service of process is a basis for dismiss under Rules 12(b)(4) or (b)(5).  Accordingly, Garcia has
21 not shown the possibility of a meritorious defense under these rules.
22       However, Garcia also states that he intends to file a motion to dismiss for lack of personal
23 jurisdiction under Federal Rule of Civil Procedure 12(b)(2) based on his lack of minimum contacts
24 with California.  Garcia's address of record is in New Jersey.  It appears from his reply that he
25 works in New York.  Based on these facts, it appears that Garcia may be able to prevail on a
26 motion to dismiss for lack of personal jurisdiction.  INC argues that Garcia has sufficient
27 minimum contacts with California to give rise to personal jurisdiction here, based on his operation
28 of websites and social media accounts upon which he posted content that infringed INC's

4

trademarks. INC argues that these activities were directed toward California. INC's arguments are misplaced, because the Court's task is not to determine whether Garcia's factual assertion that he lacks minimum contacts with California is true, but only whether Garcia's assertion would constitute a defense if true. Garcia's assertion that he lacks minimum contacts with California, coupled with the facts that he resides in New Jersey and works in New York, is sufficient to meet his "minimal" burden of showing a potentially meritorious defense.

Garcia also states that he may file a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and that the substantive allegations against him are untrue. Garcia does not provide any factual allegations to support these potential defenses. However, as discussed above, he has demonstrated that he may be able to raise a meritorious defense based on lack of personal jurisdiction.

### C. Prejudice to INC

To be prejudicial, the setting aside of default must impose "greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. "[T]he standard is whether [plaintiff's] ability to pursue his claim will be hindered." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

Garcia argues that setting aside the Clerk's entry of default will not hinder INC's ability to pursue its claims. The Court already has advised INC that a motion for default judgment against Garcia would be premature at this time. *See* Order at 2, ECF 144. "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); see also Fed. Civ. Pro. Before Trial (Rutter Group) § 6;124 ("A default judgment against one of several defendants while the action continues against the others is ordinarily improper where their liability is joint rather than several, such as joint tortfeasors or joint obligors under contract."). Trial in this case is not set to commence until May 23, 2022. *See* Case Management Order, ECF 46.

INC argues that it will be prejudiced if the Clerk's entry of default is set aside, because

Garcia's decision not to respond in this action has hindered its ability to obtain crucial discovery from him. Moreover, INC contends that it should not be forced to relitigate issues decided in prior motions now that Garcia has appeared. INC's arguments are misplaced, as "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Group*, 244 F.3d at 701.

### D. Conclusion

In conclusion, the Court determines that all three of the good cause factors favor setting aside the Clerk's entry of default against Garcia. This determination comports with the Ninth Circuit's guidance that its "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089. Garcia will be ordered to answer the operative SAC within twenty-one days after issuance of this order. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that, with certain exceptions, a defendant must file an answer within 21 days after being served with the summons and complaint).

## IV. ORDER

(1) Defendant Garcia's motion to set aside the Clerk's entry of default is GRANTED;

(2) The Clerk SHALL set aside the entry of default against Defendant Garcia;

(3) Defendant Garcia shall file an answer to the operative second amended complaint on or before October 9, 2020; and

(4) This order terminates ECF 149.

Dated: September 18, 2020

_____
BETH LABSON FREEMAN
United States District Judge